452 S.W.2d 243 (1970)
STATE of Missouri on the relation and to the Use of COMMUNITY HEATING AND AIR CONDITIONING COMPANY, Inc., Plaintiff-Appellant,
v.
Helen M. SCHWARTZ, Administratrix of the Estate of Charles M. Schwartz, Deceased, and Maryland Casualty Company, a Corporation, Defendants-Respondents.
No. 33434.
St. Louis Court of Appeals, Missouri.
February 24, 1970.
*244 Hayes & Hayes, St. Louis, for plaintiff-appellant.
Dubinsky & Duggan, St. Louis, for defendants-respondents.
DOWD, Judge.
This is a suit in equity for an accounting against an administratrix of an estate and the surety on the administratrix's bond. The suit is based upon a written contract allegedly made between Community Heating and Air Conditioning Company and Charles M. Schwartz, now deceased. The contract (plaintiff's exhibit 1) was pleaded *245 in the petition verbatim. This contract was dated June 9, 1966 and the pertinent part of the contract is as follows:
"RENTAL AGREEMENT BETWEEN SCWARTZ HEATING & HOME IMPROVEMENT, Charles M. Schwartz and COMMUNITY HEATING & AIR CONDITIONING CO., INC.
"SCHWARTZ HEATING & HOME IMPROVEMENT CO., Charles M. Schwartz, shall have the right to use the store at 2329 Union Blvd., rent free, and shall pay for the utilities.
"SCHWARTZ HEATING & HOME IMPROVEMENT, Charles M. Schwartz and COMMUNITY HEATING & AIR CONDITIONING CO., INC., Amelia M. Garvin, owner, will share equally in all the profits made by SCHWARTZ HEATING & HOME IMPROVEMENT, Charles M. Schwartz, and COMMUNITY HEATING & AIR CONDITIONING CO., INC., beginning 10 June 1966. Amelia M. Garvin shall keep the books and write checks to cover profits and expenses."
The agreement then listed the office equipment owned by each of the parties to the contract. The contract is signed by Charles M. Schwartz and Amelia M. Garvin. The corporate capacity is not shown in connection with Mrs. Garvin's signature.
The petition further alleged that there was money due Charles Schwartz at the time of his death for work performed under the contract and that this money is an asset of the estate. The petition further alleged that the defendant has either failed to collect this money or if she has collected this money she has failed to pay it over to the estate. The petition also alleged that plaintiff was entitled to one-half of the profits made under the contract and asked for an accounting and for a judgment for such sum as the court may determine is due plaintiff.
Defendant Helen M. Schwartz, administratrix of the estate of Charles M. Schwartz, deceased, filed an answer and admitted the corporate existence of plaintiff corporation and admitted that, "* * * on or about June 9, 1966, an agreement was entered into between Community Heating and Air Conditioning Company, Inc., a corporation, and the decedent, Charles M. Schwartz * * *" and admitted that Charles M. Schwartz operated his business in plaintiff's premises at 2329 Union Boulevard from June 9, 1966 to October 8, 1966, but denied that she had failed to collect or failed to turn over any asset to the estate. Defendant Helen M. Schwartz, administratrix, pleaded that there was a loss from the business and no profits emanated from the business after June 9, 1966, and filed a counter-claim which was dismissed by that defendant without prejudice after plaintiff rested its case.
Defendant Maryland Casualty Company which was the surety on the administratrix's bond of defendant Helen M. Schwartz, filed a pre-trial motion to dismiss on the grounds that plaintiff failed to state a cause of action against that defendant. That motion was sustained by the trial court on January 9, 1968.
The only witness in this case was Mrs. Amelia Garvin who testified to the following effect: She owned the building at 2329 Union Boulevard, and had incorporated in March or May of 1966 after the death of her husband using the same name her husband had used in his business. This was a "one-man corporation" and Mrs. Garvin was the sole stockholder and held all the offices in the corporation. Mr. Schwartz and her husband were engaged in the same kind of business and both businesses were located in the same block. Plaintiff's exhibit 1, the rental agreement, was between Community Heating and Air Conditioning Company, Inc., Mr. Schwartz and herself. This agreement was admitted into evidence without objection. The parties to this agreement operated under it until October 8, 1966 when Mr. Schwartz died. Under this agreement Mrs. Garvin kept the *246 books and records, answered the phone, wrote checks and paid the bills.
At the time of Mr. Schwartz's death there were five completed jobs and the contract prices for these five jobs totalled $8,855.00 and the only thing remaining was to collect the money. There were four uncompleted jobs and the contract prices for these four jobs totalled $6,196.00. The material had been paid for on the completed jobs but there were several thousand dollars still due for labor. An accounting was needed to determine the exact amount owed for labor. The estate had received a check for $700.00 for one job. Mrs. Garvin requested the estate to make an accounting for $16,900.00, and had never received an accounting.
There had been a division of profits in June and July of 1966. Mr. Schwartz was issued a check in early June of 1966 for $1,800.00 representing profits from the business. On October 6, 1966 Mrs. Garvin issued a check marked "rent" for $2,400.00 payable to Community Heating and Air Conditioning Company, Inc., which was also a division of profits. Following Mr. Schwartz's death, Mrs. Garvin turned over the records to the attorney for Helen M. Schwartz but kept photocopies of the records.
After plaintiff had rested its case the defendant Helen M. Schwartz, administratrix, moved to dismiss plaintiff's cause of action on the ground "* * * that the plaintiff has failed to state true facts sufficient to state a cause of action against the defendant. * * *" The court below dismissed plaintiff's petition with prejudice at plaintiff's costs on the ground that plaintiff is not the real party in interest. Plaintiff appeals.
Appellant's first contention on this appeal is that the plaintiff had a right to join the surety on the administratrix's bond in this action for accounting against the administratrix and the petition against Maryland Casualty Company should not have been dismissed. The respondent does not answer this contention but contends in its brief that appellant's notice of appeal as required by Civil Rule 82.08 V.A.M.R., is defective because appellant only appealed from the trial court's judgment and order of December 4, 1968 which dismissed plaintiff's cause of action against Helen M. Schwartz, administratrix. While it is true that the respondent Maryland Casualty Company is omitted from the caption of the transcript and from the caption of the notice of appeal, the appellant has complied with Civil Rule 82.08 V.A.M.R., which provides, in part that: "The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or order appealed from; * * *." The appeal is from the final judgment. The general rule is that a judgment to be final and appealable must dispose of all parties and issues in the case and leave nothing for future determination. Elliott v. Harris, Mo., 423 S.W.2d 831 [1]. The dismissal of plaintiff's petition as against Maryland Casualty Company was not designated as a final judgment by the trial court. It did not dispose of all the parties and issues in the case. It was not an appealable order.
Appellant's notice of appeal refers specifically to the court order "* * * dismissing plaintiff's Petition and cause of action, with prejudice, at plaintiff's costs, heretofore entered by this Court, in this cause, upon December 4, 1968." This was the final judgment to be appealed from. It was not necessary in the notice of appeal to refer to the trial court's order of January 9, 1968 dismissing plaintiff's petition against Maryland Casualty Company.
Did the court err in dismissing plaintiff's petition against the administratrix's surety in an action for an accounting against the administratrix? We hold that the court did not err. Section 473.217, V.A.M.S., states: "The bond of an executor or administrator may be sued on at the instance of any party injured, in the name of the state, to the use of such party, for *247 waste or mismanagement of the estate, or for other breach of the conditions of the bond; and damages shall be assessed thereon as on bonds with collateral conditions." (Emphasis ours).
Was the plaintiff a "party injured?" At this point in the proceedings we do not believe that the plaintiff can qualify as a "party injured." The basic issue here is plaintiff's right to an accounting from the administratrix. The right to join the surety would be predicated on a showing that plaintiff is a "party injured." An accounting might or might not establish that the plaintiff is a "party injured" by the administration of the estate by the defendant administratrix.
In State ex rel. and to Use of Gnekow v. United States Fidelity & Guaranty Co., 349 Mo. 528, 163 S.W.2d 86 [7], the issue was: "* * * If an administrator takes property, actually owned by some third person, under the claim that it is an estate asset and puts it (or its proceeds if he converts it to cash) into the estate, can the owner recover from the surety on the administrator's bond, after final determination that it is not an estate asset, when the administrator refuses to make full restitution?" The Supreme Court which disapproved earlier cases, held at l.c. 90 of 163 S.W.2d: "* * * that liability on the bond accrues when the question of ownership is finally determined against the estate and the administrator refuses to make restitution." This is analogous to the case here where there has been no final determination against the estate or it has not been established that defendant Schwartz as administratrix is liable for any waste or mismanagement or that the conditions of the bond have been breached.
As authority for the joinder of the surety in this action in accounting against the administratrix appellant relies heavily on State ex rel. Patterson v. Collins, Mo.App., 172 S.W.2d 284 which involved an action against three Missouri state highway patrolmen and their sureties based upon the charge of the misfeasance of such officers in connection with an alleged false imprisonment. The administratrix's bond here is different than the bond of the highway patrolmen. The action on the administratrix's bond, unlike an action on the highway patrolmen's bond, is based upon waste or mismanagement of the estate or other breach of the conditions of the bond.
Appellant next contends on this appeal that the "Trial judge erred (in his dismissal of plaintiff's petition as to defendant Helen M. Schwartz) in raising of his own volition the question of defect in party plaintiff or real party in interest when it was not in issue as the defendant had actually admitted the correctness of the parties in her answer. * * *" The court in its "Finding of Fact and Ruling of Law" stated that this action was based upon a written contract between Charles M. Schwartz and Amelia Garvin and that the plaintiff Community Heating and Air Conditioning Company, Inc., was not a party to this contract.
We agree that the defense that plaintiff was not the real party in interest was not before the court. The defendant Helen M. Schwartz, administratrix in her answer admitted that this agreement was between Community Heating and Air Conditioning Company, Inc., a corporation and the decedent, Charles M. Schwartz. The only issue before the court was whether plaintiff was entitled to an accounting. The defense that plaintiff was not the real party in interest was raised solely by the court during the trial and the court based its dismissal on this ground.
The court in Hayes v. Jenkins, Mo.App., 337 S.W.2d 259, l.c. 262, stated: "The objection that plaintiff is not the real party in interest, when not apparent from the record, is properly a matter of defense," citing Osmak v. American Car & Foundry Co., 328 Mo. 159, 40 S.W.2d 714, 77 A.L.R. 722; Quality Oil Co. v. Wyatt, Mo.App., 138 S.W.2d 40; Reed v. Inness, Mo.App., 102 S.W.2d 711. Here the record shows that the defendant Helen M. *248 Schwartz, administratrix, admits by her answer that the contract was with the corporate plaintiff and further the first paragraph of the agreement which was admitted into evidence without objection shows that the agreement is between Schwartz Heating and Home Improvement, Charles M. Schwartz and Community Heating and Air Conditioning Co., Inc., which is the plaintiff in this case.
Further, in Bartlett v. De Graffenreid, Mo.App., 305 S.W.2d 906, l.c. 910 it is stated: "* * * it is the established rule that failure to raise a claim of defect of parties by motion or by answer or reply constitutes a waiver thereof. * * *"
Here the defense was not raised by the defendant Helen M. Schwartz, administratrix by her pleading or during the trial and any defect in the party plaintiff is waived. However, we do not believe there was a defect in the party plaintiff because of the admission in this defendant's answer.
Did the evidence show that plaintiff was entitled to an accounting?
We are guided by the rule that if the trial court rules correctly on a motion to dismiss but for the wrong reason we must affirm. However, we are also governed by the rule which provides that in determining whether a submissible case was made against defendant, the reviewing court considers evidence in the light most favorable to plaintiff, giving to plaintiff the benefit of all favorable inferences that reasonably may be drawn from such evidence. This rule also applies to a court-tried case. Garrison v. J. L. Querner Truck Lines, Inc., Mo.App., 308 S.W.2d 315; Riccardi v. United States Fidelity and Guaranty Co., Mo.App., 434 S.W.2d 737, 738.
After examining the record we conclude that the court erred in dismissing plaintiff's cause of action against Helen M. Schwartz, administratrix. Plaintiff's evidence showed a contract, which was admitted by the answer of defendant Helen M. Schwartz, administratrix to be between plaintiff and the decedent Charles M. Schwartz. Plaintiff's evidence also showed that the parties operated under this contract until the death of Mr. Schwartz on October 8, 1966 and that the parties divided profits under this contract and that at the time of Mr. Schwartz's death there were five completed jobs with a contract price totalling $8,855.00 less costs for labor and the only remaining thing to do was to collect this money. The evidence also showed that there were four uncompleted jobs totalling $6,196.00 and that plaintiff had turned over the records to the attorney of defendant Helen M. Schwartz, administratrix, and that the plaintiff had not received an accounting. The contract which provides for a division of profits would impose upon the defendant the duty to account for all money collected under this contract relation and the profits made thereunder. We conclude that plaintiff made a submissible case against the defendant Helen M. Schwartz, administratrix.
Defendant Helen M. Schwartz, administratrix, contends that appellant is not entitled to an accounting because it failed to show a fiduciary relationship between the parties. We believe the plaintiff's evidence considered in the light most favorable to plaintiff warrants a fact determination that a fiduciary relationship existed between the parties based upon the contract which provided for the operation of a business and a division of all profits made under the contract. In State ex rel. Brickey v. Nolte, 350 Mo. 842, 169 S.W.2d 50, which held that an officer and member of a school district board of directors occupies a fiduciary relationship to the district, the court stated at l.c. 56 of 169 S.W.2d: "'Courts of equity have refused to set any bounds to the circumstances out of which a fiduciary relationship may spring,' and the existence of a fiduciary relationship is a question of fact. Liddell v. Lee, Mo.Sup., 159 S.W.2d 769, 772; *249 Shaw v. Butler, Mo.Sup., 78 S.W.2d 420, 429."
A fiduciary relation has been defined in Black's Law Dictionary, 4th Edition, p. 754 as, "* * * A relation subsisting between two persons in regard to a business, contract, or piece of property, or in regard to the general business or estate of one of them, of such character that each must repose trust and confidence in the other and must exercise a corresponding degree of fairness and good faith." While it is true that the probate court has exclusive jurisdiction in an action brought by an heir for an accounting against an administratrix, Metzger v. Metzger, Mo. App., 153 S.W.2d 118; Constitution of Missouri, Article 5, Section 16, V.A.M.S.; equitable jurisdiction for an accounting can be invoked where there is a fiduciary relationship and a duty rests upon the defendant to render an account. Stark v. Cole, Mo.App., 373 S.W.2d 473 [5]; Engelsmann v. Holekamp, Mo., 402 S.W.2d 382 [3]. We find a fiduciary relationship and a duty to account present here based upon this agreement. The contention of respondent is without merit.
Defendant Helen M. Schwartz, administratrix, also contends that Mrs. Garvin was disqualified from testifying because of the "dead man statute" (V.A.M.S. 491.010). At the beginning of Mrs. Garvin's testimony she was asked by her attorney: "And what was your relationship with Mr. Schwartz?" The attorney for defendant Helen M. Schwartz, administratrix made this objection, "* * * I object to her relationship with Mr. Schwartz. I believe, that's the decedent we are talking about now." The court stated, "* * * he is raising the dead man's statute on you." Appellant's attorney then withdrew the question. Thereafter, Mrs. Garvin testified that the parties to the agreement were Community Heating and Air Conditioning Company, Inc., herself and Mr. Schwartz and the agreement was then admitted into evidence after the attorney for defendant Helen M. Schwartz, administratrix, stated he had no objection to admitting the agreement into evidence. Mrs. Garvin then testified about her duties under the agreement and that a ledger which showed the jobs which were completed and the profit and loss of the completed jobs had been turned over to this defendant's attorney. Mrs. Garvin then testified that there were five completed jobs and the contract price for these jobs totalled $8,855.00 and the only thing left was to collect the money and there were four uncompleted jobs and the contract price totalled $6,196.00.
Thereafter, Mrs. Garvin was cross-examined by attorney for defendant Helen M. Schwartz, administratrix, and asked about her authority to sign checks for Schwartz Heating and Home Improvement, and asked how many checks she had signed and how many were written.
Mrs. Garvin was cross-examined as to the reason she wrote a check for $2,400.00 payable to Community Heating and Air Conditioning Company and she answered because Mr. Schwartz "had issued a profit check to himself for $1,800.00."
On redirect examination Mrs. Garvin stated without objection, that Mr. Schwartz also received a profit check for $1,000.00 from the business, and she also received a check for $1,000.00 dated August 26, 1966 from the business. Then when Mrs. Garvin was asked whether there were any other divisions of profits, this defendant objected on the ground of the "dead man statute." The court overruled the objection. We are convinced that there was a waiver of the "dead man statute" here. Mrs. Garvin testified in detail about the operation of the business and the jobs completed and uncompleted and the amounts due on these jobs, and about the divisions of profits between the parties. The objection must be made promptly when a witness is being asked to testify as to matters respecting which she is incompetent to testify under the statute. Ashley v. Williams, 365 Mo. 286, 281 S.W.2d 875, 880; Fellows v. Farmer, Mo.App., 379 S.W.2d 842, 850. There was no timely, specific objection *250 made as to Mrs. Garvin's competency as a witness. The contention is without merit.
Defendant Helen M. Schwartz, administratrix, next contends that the appellant failed to preserve its assignments of error because of its failure to file a motion for a new trial. The answer to this contention is found in Russell v. Russell, Mo., 427 S.W.2d 471, 475, where the court stated: "* * * We often have pointed out that no motion for new trial is necessary for appellate review of a case tried without a jury. See Rule 73.01(d), V.A.M.R., and cases cited in City of Mt. Vernon v. Garinger, Mo.Sup., 395 S.W.2d 214, 215. The issue on appeal in a court tried case is the propriety of the court's decision on the whole record."
That portion of the judgment dismissing plaintiff's petition against defendant Maryland Casualty Company, a corporation, is affirmed and that portion of the judgment of the trial court dismissing plaintiff's petition against defendant Helen M. Schwartz, administratrix of the estate of Charles M. Schwartz, deceased, is reversed and the cause remanded for a new trial.
WOLFE, P. J., and BRADY, J., concur.