Wanda Joan BRISSETTE, Plaintiff-Respondent,

v.

George B. BRISSETTE, Defendant-Appellant.

No. 33945.

St. Louis Court of Appeals, Missouri.

July 27, 1971.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 6, 1971.

W. W. Sleater, St. Louis, for defendant-appellant.

Sestric, Sestric, Sweet & McGhee, Anthony J. Sestric, St. Louis, for plaintiff-respondent.

SMITH, Commissioner.

Defendant-appellant appeals from the order of the trial court denying his motion to quash execution and garnishment. We heretofore sustained defendant's contentions concerning the quashing of the garnishment in State ex rel. Associated Transport Corp. v. Godfrey, Mo.App., 464 S.W. 2d 776, so that matter is not before us.

Plaintiff has filed a motion to dismiss the appeal on three grounds; i. e., (1) the notice of appeal was not timely filed because the motion for new trial was out of time; (2) no notice of appeal was filed from the judgment awarding attorney's fees, and (3) the appellant's brief is in "flagrant violation of Rule 83.05, V.A.M. R., requiring a 'concise statement of the facts without argument.'"

■ The motion for new trial was stamped as filed by the Central File Room of the Circuit Clerk's office on May 8, 1970. The order sought to be reviewed was entered April 24, 1970. The minutes entered by the courtroom clerk are: "May 14, 1970. Defts motion for New Trial filed (Enter as of May 8, 1970)." The important date is the date of filing not the date on which the clerk enters the action in the minutes. See Supreme Court Rule 78.02 (V.A.M.R.). The motion was filed within fifteen days of the entry of the order and was timely. The notice of appeal was filed within ten days after the motion for new trial was denied by expiration of time. The appeal was timely taken.

As to ground (2), we will discuss that when discussing the defendant's contentions on the merits.

■ As to ground (3), the motion has much to commend it. Defendant has presented only the evidence favorable to his side of the case, totally ignored the plaintiff's evidence on the key factual issue, and left the court with the impression after reading the brief that there was no evidence contrary to that of defendant. The rules for briefs require that the statement of facts be fair and concise. The statement here is neither. Respondent and this court are entitled to greater candor than this brief presents. But in view of our perhaps too-often invoked desire to decide cases on the merits we, with some reluctance, decline to dismiss the appeal on the ground stated.

Defendant has raised seven points in which it is contended the court erred. They raise three issues: (1) the court erred in awarding attorney's fees to plaintiff; (2) the court erred in excluding testimony of an assistant circuit attorney on the basis that his conversations with plaintiff were privileged; and (3) the court erred in failing to find an agreement between plaintiff and defendant that he need not continue paying alimony.

■ The question of the propriety of the attorney's fee award is not before us. The judgment of the court was in two paragraphs. The first dealt solely with the motion to quash execution and garnishment, and overruled and denied that motion in all respects. The second paragraph dealt solely with plaintiff's motion for attorney's fees and expenses, and granted that motion. Defendant's notice of appeal was as follows: "Notice is hereby given that George B. Brissette, defendant above-named, hereby appeals to the St. Louis Court of Appeals *from the order denying the defendant's Amended Motion to Quash Execution and Garnishment,* or to Modify Same entered in this action on the 23rd day of April, 1970." (Emphasis ours).

No reference is contained in the notice of appeal to the order of the court granting plaintiff's motion for attorney's fees and expenses. Supreme Court Rule 82.08 (V.A.M.R.) provides that the notice of appeal " * * * shall designate the judgment or order appealed from * * *." The only order or judgment referred to in this notice of appeal is the order denying defendant's motion. That is all the appeal covers.

The parties were divorced in 1963 and plaintiff was awarded alimony of $15 per week. The writ of execution was issued to recover $3900 unpaid alimony allegedly due under the divorce judgment. No dispute exists that defendant has not paid $3900 called for by the judgment. Defendant, in his motion to quash the execution, alleges that the parties entered into an oral agreement in 1964 or 1965 that he would not have to pay any more alimony. This agreement, according to his testimony, was made because he had suffered a twenty-five per cent decrease in income, the plaintiff was going to work, and the parties wanted to save the expense of going to court to modify the decree. Plaintiff denied any such agreement. Defendant called as a witness James Bucher, a member of the Prosecuting Attorney's office in the City of St. Louis. Upon plaintiff's objection, the court refused to allow Mr. Bucher to testify to his conversations with plaintiff on the ground that such conversations were privileged as part of an attorney-client relationship. It also refused to permit the introduction of certain records of Mr. Bucher for the same reason.

The matter has not been preserved for review. Following the court's ruling counsel for defendant stated:

"MR. SLEATER: Your Honor, under an offer of proof, as provided by the rules, I should like to continue, for the record.

"MR. SESTRIC: If he wants to make an offer of proof, your Honor, I'll let him but—I'll object to it but as far as questioning this witness as part of his offer of proof, I object to it."

The court refused to allow the offer of proof through the continued questioning of the witness because the testimony was privileged and such continued questioning was prohibited by Supreme Court Rule 73.01 (V.A.M.R.). No attempt was made to state to the court what the witness would testify to if permitted to answer or to state what the records would show. The court, having decided that the evidence sought was privileged, correctly refused to allow it to be presented *by the witness* as an offer of proof. See Supreme Court Rule 73.01 (V.A.M.R.). The privilege would have scant meaning if the disclosure of such information could be compelled over objection through this method of making an offer of proof. It was incumbent upon defendant to make an offer of proof of what he believed the witness would testify to if permitted to answer to preserve the matter for our review. Hays v. Western Auto Supply Co., Mo., 405 S.W.2d 877 [1, 2]. The same is true of the records sought to be introduced. We, therefore, make no ruling as to the correctness of the court's determination that the testimony or records were in fact privileged.

This leaves us solely with the question of whether an agreement existed between the parties waiving alimony. We need not discuss the briefed legal arguments of whether estoppel applies, what consideration is required and whether such an agreement can have binding effect in the absence of a court order modifying the decree. These arise only if an agreement existed. On that question of fact the testimony was squarely in conflict. Defendant stated there was such an agreement, plaintiff stated there was not. The matter was one of credibility to which we defer to the trial court. We cannot say the determination of that court is clearly erroneous.

Judgment affirmed.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Respondent's motion to dismiss appeal is denied. The judgment is affirmed.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.