**Richard Everett RICE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 16137.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 15, 1989.

Kimberly Bonney Landman, Asst. Public Defender, Springfield, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

On June 30, 1986, pursuant to a plea agreement, Richard Everett Rice ("appellant") entered pleas of guilty to two counts of involuntary manslaughter and three counts of assault in the second degree in case number CR586–68–FX4 in the Circuit Court of Greene County. Appellant was sentenced per the agreement to concurrent seven-year prison terms on the manslaughter counts, and to concurrent three-year prison terms on the assault counts. The three concurrent three-year sentences were, however, ordered to run consecutively to the two concurrent seven-year sentences.

On April 23, 1987, almost ten months after he was sentenced, appellant filed a document in the circuit court bearing case number CR586–68–FX4 and designated "Motion For Reduction Of Sentence." The motion stated it was made "pursuant to Rule 29.05 V.A.M.R.1980," and contained the following prayer:

"Comes Now, Richard Everett Rice, Petitioner Pro Se, and would ask that this Honorable Court reduce his sentence

of a consecutive Seven (7) and Three (3) years to a Concurrent Seven (7) years, or in the alternative, to issue its orders and to have the sentence 'modified' to read Ten (10) years in the Missouri Department of Corrections, instead of the consecutive Seven (7) and Three (3) which the petitioner is presently serving."

The motion averred, among other things, that appellant was remorseful for the "unfortunate accident" which claimed the lives of two persons and injured three others, that the consecutive sentences were hindering appellant in becoming eligible for work release, furlough and transfer to a "lower custody" institution, that prior to the accident appellant had been a law abiding citizen, that appellant had since been divorced by his wife, and that appellant's institutional conduct had been good. The motion stated the circuit court had authority under Rule 29.05 "to correct or reduce the punishment in such matters."

The filing of the motion was noted by an entry on the judge's docket sheet in case number CR586–68–FX4. There is no subsequent entry on that docket sheet indicating the circuit court took any action on the motion.

On July 20, 1988, appellant filed a pro se motion in the circuit court per Rule 24.035, Missouri Rules of Criminal Procedure (19th ed.1988), to vacate his conviction and sentences. Appellant's 24.035 motion was assigned case number CV188–1476–CC4.

An assistant prosecutor filed a motion to dismiss appellant's 24.035 motion on sundry grounds, one of which was that it was untimely in that appellant had failed to file it by June 30, 1988, the deadline established by Rule 24.035($l$), which provides:

"This Rule 24.035 shall apply to all proceedings wherein sentence is pronounced on or after January 1, 1988. If sentence is pronounced prior to January 1, 1988, and no prior motion has been filed pursuant to Rule 27.26, a motion under this Rule 24.035 may be filed on or before June 30, 1988. Failure to file a motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this Rule 24.035. If a

sentence is pronounced prior to January 1, 1988, and a prior motion under Rule 27.26 is pending, post-conviction relief shall continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed."

Thereafter the following pertinent events occurred in case number CV188–1476–CC4.

September 6, 1988. Circuit court sends copy of appellant's 24.035 motion to public defender.

September 14, 1988. Public defender enters appearance in circuit court as counsel for appellant.

October 7, 1988. Circuit court grants appellant until November 7, 1988, to file amended motion.

November 7, 1988. Circuit court grants appellant until December 7, 1988, to file amended motion.

December 7, 1988. Appellant, by assistant public defender, files "Amended Motion For Relief Under Rule 24.035," which begins:

"[C]ounsel has reviewed movant's original pro se motion and incorporates herein by reference all allegations and grounds made by movant in said motion filed with this court on July 20, 1988 ... and movant's 29.05 motion filed on April 23, 1988 [sic]."

The amended motion went on to allege that the lawyer who represented appellant at the time he entered his pleas of guilty rendered ineffective assistance in various respects which need not be detailed here.

December 9, 1988. Circuit court makes following entry on docket sheet:

"... The Court reviews the underlying criminal case file in Case No. CR586–68–FX–4 and the transcript of the Plea of Guilty contained therein. Court finds Movant was sentenced in accordance with a plea bargain agreement. However, the Court does not reach a decision on the merits for the reason that Movant's Motion was filed on July 20, 1988. The Court determines that this Court has no jurisdiction for the reason that the Motion for Relief under Rule 24.035, after a plea of guilty, is barred by the time

limit set forth in Rule 24.035. The Court has considered the Motion for Reduction of Sentence contained in the file for Case No. CR586–68–FX–4. Motion for Post Conviction Relief under Rule 24.035 dismissed...."

Appellant brings this appeal from the above order. The first of his two assignments of error is:

"The [circuit] court erred to ... appellant's prejudice when it dismissed [his] Rule 24.035 motion for lack of jurisdiction because [appellant] had filed a previous motion under Rule 29.05 before June 30, 1988, seeking post-conviction relief. Further, no counsel had been appointed to aid [appellant] in his post-conviction relief efforts, thus depriving him of effective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, section 10 and 18(a) of the Missouri Constitution (1945)."

Appellant begins his argument by proclaiming that the circuit court should have appointed counsel for him when he filed his 29.05 motion in case number CR586–68–FX4 on April 23, 1987. Although the 29.05 motion made no request for appointed counsel, appellant insists the circuit court had a duty to appoint counsel inasmuch as the motion was accompanied by a "statement of indigency."

The first problem with appellant's argument is that the instant appeal is from the circuit court's order of December 9, 1988, in case number CV188–1476–CC4. The 29.-05 motion carried case number CR586–68–FX4 (evidently placed thereon by appellant) and was filed in that case. Neither the title of that case nor its case number appears anywhere on the notice of appeal.

In *Charles v. Ryan*, 618 S.W.2d 220 (Mo. App.1981), one motorist sued another over a collision between their vehicles. The defendant filed a counterclaim. At the close of the evidence the trial court granted the plaintiff's motion for a directed verdict in his favor on the defendant's counterclaim. The jury returned a verdict for the plaintiff on his claim, judgment was accordingly entered, and the defendant appealed, arguing, among other things, that the trial court erred in directing a verdict for the plaintiff on the counterclaim. The Western District of this Court held the point was not reviewable inasmuch as neither the notice of appeal nor the accompanying jurisdictional statement made any reference to the trial court's order granting the plaintiff's motion for a directed verdict on the counterclaim. *Id.* at 224[5]. Similar holdings appear in *Labor Discount Center, Inc. v. State Bank & Trust Co. of Wellston*, 526 S.W.2d 407, 420[2] n. 7 (Mo.App.1975), notice that appeal was taken from summary judgment in favor of two specified parties preserved nothing for review regarding summary judgment in favor of another party; and *Brissette v. Brissette*, 471 S.W.2d 691, 693[3] (Mo.App.1971), question of propriety of attorney fee award not preserved for review on appeal from denial of motion to quash execution and garnishment where notice of appeal contained no reference to trial court's order granting motion for attorney fees.

■ It is evident from the above authorities that appellant, in this appeal from the circuit court's order of December 9, 1988, in case number CV188–1476–CC4, cannot complain about the failure to appoint counsel upon the filing of the 29.05 motion in case number CR586–68–FX4.

The second problem with appellant's argument is that Rule 29.05, Missouri Rules of Criminal Procedure (18th ed.1987), which was in effect when appellant filed his 29.05 motion, was a rule pertaining to trial by jury, not to a plea of guilty. *State v. Smith*, 633 S.W.2d 253, 254 (Mo.App.1982). Rule 29.05 authorized a circuit court, prior to entering judgment against a defendant in a criminal case tried by jury, to reduce the punishment assessed by the jury (within the statutory limits prescribed for the offense) if the court found that the punishment was excessive. Nothing in Rule 29.05 purported to empower a circuit court, ten months after entering judgment and sentence upon a plea of guilty, to reduce the punishment imposed by the court. Appellant's 29.05 motion consequently asked the

circuit court for relief the court lacked authority to grant.

Had appellant, instead of filing his 29.05 motion on April 23, 1987, commenced an action that date under Rule 27.26, Missouri Rules of Criminal Procedure (18th ed. 1987),[1] to vacate his conviction and sentences, the circuit court would have been obliged by Rule 27.26(h) to immediately appoint counsel (assuming appellant was indigent). Appellant's 29.05 motion, however, was clearly not a motion to vacate under Rule 27.26, as it contained no allegation that appellant's sentences were imposed in violation of the Constitution and laws of Missouri or the United States, or that the court imposing such sentences was without jurisdiction to do so, or that the sentences were in excess of the maximum sentences authorized by law or were otherwise subject to collateral attack. The 29.05 motion was simply a request by appellant to the circuit court to alter the sentences so none would be consecutive.

■ Appellant cites no Missouri statute, rule or case supporting his contention that he had a right to appointed counsel upon the filing of his 29.05 motion, and we are aware of none. Indeed, in discussing whether states are obliged to provide appointed counsel for indigent prisoners in post-conviction proceedings the Supreme Court of the United States said in *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987):

"Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. See *Fay v. Noia*, 372 U.S. 391, 423–424, 83 S.Ct. 822, 841, 9 L.Ed.2d 837 (1963). It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, cf. *United States v. MacCollom*, 426 U.S. 317, 323, 96 S.Ct. 2086, 2090–2091, 48 L.Ed.2d 666 (1976) (plurality opinion), and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." 481 U.S. at 556–57, 107 S.Ct. at 1994[6], 95 L.Ed.2d at 547.

The fact that Missouri, through rules adopted by its Supreme Court, has chosen to provide appointed counsel for indigent prisoners under former Rule 27.26 and present Rules 24.035 and 29.15 does not mean that a prisoner seeking post-conviction relief by some other procedure has a right to appointed counsel. Appellant's contention that the circuit court had a duty to appoint counsel for him when he filed his 29.05 motion in case number CR586–68–FX4, even if cognizable in this appeal, would be without merit.

Appellant, obviously recognizing his pro se 24.035 motion was untimely in that it was filed 20 days after the June 30, 1988, deadline, argues in the alternative that his 24.035 motion should be treated as a motion under former Rule 27.26, as he had filed the 29.05 motion April 23, 1987. Appellant hypothesizes that had counsel been appointed upon the filing of the 29.05 motion, counsel would have reviewed appellant's case and filed an amended motion seeking relief under former Rule 27.26, which would have been timely.

Appellant endeavored to utilize this hypothesis in the circuit court by averring in his amended 24.035 motion of December 7, 1988, that the 29.05 motion of April 23, 1987, was incorporated therein by reference.

The first problem with this scheme is that the amended 24.035 motion was a nullity. Even had appellant's pro se 24.035 motion been timely, the time for filing an amended motion expired prior to the date the amended 24.035 motion was filed. Rule 24.035(f) provides that any amended motion shall be filed within 30 days of the date counsel is appointed or the entry of appearance by counsel who is not appointed. The court may extend the time for filing the

---

1. Rule 27.26 was repealed effective January 1, 1988. Missouri Rules of Court (19th ed.1988), p. 142.

amended motion for one additional period not to exceed 30 days.

■ Counsel was appointed for appellant either on September 6, 1988 (the date the circuit court sent a copy of appellant's pro se 24.035 motion to the public defender), or September 14, 1988 (the date the public defender entered an appearance as counsel for appellant). We need not determine which date should be considered the one on which counsel was appointed, as the interval between either date and December 7, 1988 (the date the amended 24.035 motion was filed) was far in excess of 60 days. As appellant's amended 24.035 motion was not filed within 60 days after the date counsel was appointed, all grounds for relief asserted therein were waived. *Day v. State*, 770 S.W.2d 692, 696 (Mo. banc 1989); *Batson v. State*, 774 S.W.2d 882, 884 (Mo.App.1989). This includes appellant's effort to incorporate his 29.05 motion by reference in the amended 24.035 motion.

■ The second problem with appellant's attempt to transmogrify the instant 24.035 proceeding into a proceeding under former Rule 27.26 by treating his 29.05 motion as the commencement of a 27.26 proceeding is that such gymnastics have been condemned in *State v. Werbin*, 597 S.W.2d 663 (Mo. App.1980). There an accused pled guilty; ten days thereafter he filed a motion to withdraw the plea. That motion was denied a week after it was filed. Eight days after the denial the accused commenced an appeal. Recognizing that the appeal was untimely, the accused asked the Western District of this Court to treat the relief sought as being in the nature of relief authorized by former Rule 27.26, and argued that the appeal was an appeal from denial of relief sought per that rule. The Western District rejected the theory, stating:

> "The present motion [to withdraw the guilty plea] was not filed in conformity with Rule 27.26, nor was it so treated by the trial court, and it cannot now be 'judicially converted' into a form foreign to the original purpose." 597 S.W.2d at 664.

Similar circumstances exist here. Appellant's 29.05 motion in case number CR586-68–FX4, as we have seen, was clearly not a motion to vacate under former Rule 27.26. Heeding *Werbin*, we decline to hold that appellant's filing of his 29.05 motion should be treated as the commencement of a proceeding under former Rule 27.26.

■ It follows from what we have said that appellant's pro se 24.035 motion was untimely. Under *Day*, 770 S.W.2d at 696[2], failure of a prisoner to file a 24.035 motion on or before the specified deadline constitutes a complete waiver of the right to proceed under Rule 24.035. The circuit court was consequently correct in denying relief in the instant case. Appellant's first point is without merit.

Appellant's second point avers the circuit court erred in failing to conduct an evidentiary hearing on appellant's allegation that the lawyer who represented him at the time he entered his pleas of guilty rendered ineffective assistance. As appellant waived his right to proceed under Rule 24.035 by failing to file his motion on or before June 30, 1988, we do not reach the second point.

The order of the circuit court denying relief is affirmed.

GREENE, J., and JOHN C. HOLSTEIN, Special Judge, concur.