Donald E. WARD, et al., Appellants,

v.

Josepha R. HENTGES, Defendant,

Farmers Insurance Co., Inc.,
Intervenor–Respondent.

No. WD 46102.

Missouri Court of Appeals,
Western District.

Nov. 3, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 22, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Leonard K. Breon, Breon & Leffler, Warrensburg, for appellants.

Lance W. LeFevre, Heilbron & Powell, Kansas City, for respondent.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Donald E. Ward brought suit against Josepha R. Hentges for personal injuries arising out of an automobile accident. Hentges filed a counterclaim for personal injuries and thereafter filed an offer of judgment in which she offered to allow judgment to be taken against her in the amount of $200,000.00 for Ward's injuries and $50,000.00 for his wife's consortium claim. The Wards accepted the offer and the court entered a purported judgment in favor of the Wards. Thereafter, Farmers Insurance Co. was allowed to intervene and on motion of Farmers the purported judgment was vacated. Ward has appealed and Farmers has filed a motion to dismiss the appeal. Appeal dismissed.

Ward filed suit against Hentges in May 1990. On December 10, 1990 Hentges filed an offer of judgment in which she offered to allow judgment to be taken against her in the amount of $200,000.00 for Ward's injury and $50,000.00 for his wife's consortium claim.[1] Hentges stated that the offer did not dismiss her counterclaim and she expressly retained the right to continue the

---

1. The briefs indicate that the offer of judgment was the result of an agreement between Ward and Hentges under § 537.065, RSMo 1986, by which Ward agreed not to execute on the judgment except as to any insurance proceeds available to her. The agreement is not in the record of this appeal.

pursuit of her counterclaim against Ward. Ward accepted the offer on the day it was made and also on that same day the court entered what was denominated a judgment in which the court purported to enter judgment in favor of Ward and his wife against Hentges in the total amount of $250,000.00. Farmers had issued a policy of automobile insurance to Ward and became aware that Ward had sued Hentges and Hentges had filed a counterclaim against Ward. Farmers also became aware that Ward was going to make a claim against Farmers under his underinsured policy provision.

In December 1990 Farmers filed a motion to intervene in the lawsuit and in January 1991 the court granted that motion. In February 1991 Farmers learned of the purported judgment entered in favor of Ward against Hentges and moved to set the "judgment" aside. On March 11, 1991 the court set aside the "judgment" and Ward appealed to this court. That appeal was dismissed because the Hentges' counterclaim was still pending.

After the first appeal was dismissed, Hentges filed a dismissal of her counterclaim in the trial court with prejudice. Thereafter, Ward filed a second notice of appeal in this court from the action of the trial court in vacating the "judgment" entered in favor of the Wards against Hentges. Farmers has filed a motion to dismiss this appeal on the ground that there is no final judgment from which an appeal can be taken.

A final appealable judgment requires that all claims pending against all parties be finally disposed of. *Plummer v. United Sav. & Loan Ass'n,* 781 S.W.2d 827, 828[1, 2] (Mo.App.1989). The exception to this requirement is found in Rule 74.01(b). That rule provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

■ Under Rule 74.01(b) there are two methods to obtain a final judgment. One is for the court to enter a judgment as to one or more but fewer than all of the claims or parties upon an express determination that there is no just reason for delay. If the court makes that determination, then a judgment entered pursuant thereto becomes final and appealable. If the court does not make that determination, a judgment becomes final only when it adjudicates all of the claims and the rights and liabilities of all the parties. Any adjudication of fewer than all of the claims and the rights and liabilities of fewer than all of the parties which is not designated as a final judgment is not a judgment but an order under Rule 74.02 and shall not terminate the action as to any of the claims or parties. Such order is subject to revisions at any time prior to a final judgment being entered which does adjudicate all of the claims and the rights and liabilities of all parties.

In this case, the court did not make a determination that there was no just reason for delay when it entered the "judgment" in favor of Ward against Hentges. At that time the Hentges' counterclaim against Ward was still pending, thus the "judgment" did not finally adjudicate all of the claims and the rights and liabilities of all of the parties. In that situation, the "judgment" was not a judgment but was an order which was subject to revision prior to a final judgment being entered. For that reason the order vacating the order awarding Ward a sum of money was not appealable because that order did not constitute a final judgment in view of the pendency of the Hentges' counterclaim.

Ward contends that his present appeal is the appeal from a final judgment because it was filed after the Hentges' counterclaim had been dismissed. While it is true that the Hentges' counterclaim was dismissed prior to the filing of the present notice of appeal, Ward's claim was still pending against Hentges because the order awarding damages to Ward against Hentges had been vacated and there was no judgment which adjudicated Ward's claim.

■ Ward contends that the court had the power under Rule 74.01(b) to revise the order awarding damages to Ward but did not have the power to vacate such order. In *State ex rel. Accurate Constr. v. Quillen*, 809 S.W.2d 437, 439[1] (Mo.App.1991), the court held that the "judgments were 'subject to revision,' and the trial court had jurisdiction to set aside the default judgments." Although the court in *Accurate Constr.* was dealing with a default judgment, the holding was not dependent upon the fact that default judgments were involved but was rather based upon the fact that the power to revise an order under Rule 74.01(b) is the power to set aside or vacate an order.

Rule 74.01(b), so far as it is applicable here, is virtually identical to Rule 54(b) of the Federal Rules of Civil Procedure. In *Shawe v. Wendy Wilson, Inc.*, 25 F.R.D. 1 (Dist.Ct.S.D.N.Y.1960), the court held that the power to revise an order given in Rule 54(b) gave the court power to set the order aside and to enter a new order.

This court agrees that the power given to the trial court by Rule 74.01(b) to revise an order grants jurisdiction to the trial court to vacate an order which is entered prior to the entry of a final judgment. Thus, the court in this case had the power to vacate the order awarding damages to the Wards prior to the entry of a final judgment.

■ When the order granting the Wards' damages against Hentges was vacated, the claim which the Wards had against Hentges was reinstated. That claim is still pending and no judgment has been entered adjudicating such claim. For that reason a final judgment has not been entered in this case and there is therefore no appealable judgment.

Lacking a final appealable judgment, this court has no jurisdiction of this appeal.

The appeal is dismissed.

All concur.

