Herman **WILSON**, Plaintiff–Appellant,

v.

**MERCANTILE BANK OF SPRING-FIELD and The Aetna Casualty & Surety Company, Defendants–Respondents.**

No. 19416.

Missouri Court of Appeals,
Southern District,
Division One.

June 29, 1995.

Motion for Rehearing or Transfer Denied
July 19, 1995.

Application to Transfer Denied
Sept. 19, 1995.

James S. Formby, Oak Grove, Michael W. Walker, Kansas City, for plaintiff-appellant.

Glenn A. Burkart, Mann, Walter, Burkart, Weathers & Walter, Springfield, Clyde G. Meise, Meise, Coen, Hutchinson & Rumley, Kansas City, for defendants-respondents.

SHRUM, Chief Judge.

Plaintiff Herman Wilson appeals from a judgment dismissing his second amended petition against Mercantile Bank of Springfield and The Aetna Casualty & Surety Company.

We must decide two questions: (1) Should the appeal be dismissed as to Aetna because Aetna was not named in the notice of appeal? (2) What is the status of the trial court's 1989 dismissal of Wilson's first amended petition? Earlier, this court held the 1989 dismissal, which was involuntary, was not an appealable order because of noncompliance with Rule 74.01(b).[1]

We have concluded that Aetna is a party to this appeal and that the 1989 order was vacated when, in December 1992, the trial court granted Wilson's motion for leave to file a second amended petition, which earlier had been "filed without leave of Court," and that petition then was filed.

We reverse and remand.

### FACTS

Relevant facts are not in dispute. Herman Wilson initiated the action by filing his petition in 1984. Clyde Murphy later joined the suit as a plaintiff, and on March 20, 1987, Wilson and Murphy[2] filed a first amended petition, which contained 12 counts, each of which is summarized in *Wilson,* 791 S.W.2d at 498–99. Defendants[3] filed separate motions to dismiss the respective counts filed against them on the ground that each count

---

1. *See Wilson v. Mercantile Bank of Springfield,* 791 S.W.2d 497 (Mo.App.1990).

2. Collectively, we refer to Herman Wilson and Clyde Murphy as "Plaintiffs." When referring to Plaintiffs individually, we use their surnames.

3. Individually, we refer to the defendants as "Mercantile" and "Aetna"; collectively, we refer to them as "Defendants."

failed to state a claim upon which relief could be granted. Mercantile additionally claimed that each count against it was barred by the applicable statute of limitations.

The motions to dismiss were pending on January 23, 1989, when Mercantile filed a written suggestion of the death of Murphy, stating he died January 17, 1989. On March 16, 1989, Circuit Judge Thomas K. McGuire, Jr. sustained Defendants' motions to dismiss. Wilson appealed from the order of dismissal.

We dismissed Wilson's appeal because the March 16, 1989, order did not dispose of all the parties and all the issues, specifically Murphy and his claims, and did not satisfy the exception in Rule 74.01(b). *Wilson*, 791 S.W.2d at 500–01[5].

Following our dismissal of the appeal, the action was assigned to Circuit Judge J. Miles Sweeney. In July 1990, Wilson moved to substitute Murphy's wife as a plaintiff, stating Murphy had no estate, and, therefore, a personal representative had not been appointed. That request was denied.

In April 1992, Wilson filed three documents with the trial court: a motion to dismiss Murphy's suit,[4] a motion for leave to file a second amended petition, and a second amended petition. In an entry dated April 6, 1992, the docket sheet shows Wilson's second amended petition "filed without leave of Court...." The second amended petition is in 13 counts, the first naming only Aetna as a defendant and the remaining 12 counts directed solely at Mercantile.

On December 3, 1992, the trial court ruled as follows:

"Motion by plaintiff Wilson to dismiss without prejudice granted. Motion to file second amended petition granted. Second amended petition filed. 30 days to answer."

Defendants moved separately to dismiss the counts directed toward them in the second amended petition, contending each count failed to state a claim upon which relief could be granted. Mercantile also raised a statute of limitations defense to each count against it. Additionally, Defendants contended that all claims were barred because the 1989 dismissal was with prejudice. On February 4, 1994, the trial court entered this order, which was prepared by Defendants' attorney:

"The Court having reviewed the decisions cited by the parties, it is hereby ordered, adjudged and decreed that the separate motions of defendants Mercantile Bank of Springfield and The Aetna Casualty and Surety Company to dismiss should be and are hereby granted and this action should be and is hereby dismissed with prejudice to reinstatement and refiling, and costs are hereby taxed against plaintiff, Herman Wilson.

"The Court finds that in *Wilson, et al. v. Mercantile Bank of Springfield, et al.,* 791 S.W.2d 497 (Mo.App.S.D.1990) the appeal was dismissed because the judgment of this Court entered March 16, 1989, did not dispose of the claims of both plaintiffs, Herman Wilson and Clyde Murphy, but only adjudicated the claims of plaintiff Wilson. Thereafter, the Murphy claims were dismissed on December 3, 1992, but no appeal followed as to the adjudicated Wilson claims and the time for such appeal has now passed. Accordingly, defendants are properly entitled to the aforesaid dismissal of this action."

It is from this order that Wilson now appeals.

## DISCUSSION AND DECISION

■ As a preliminary matter, we deal with Defendants' assertion, raised in their joint respondents' brief, that the appeal from the judgment in favor of Aetna should be dismissed because Wilson's notice of appeal "made absolutely no mention of Respondent Aetna, nor did it mention that an appeal was being taken from the judgment in favor of Aetna."[5]

---

4. Wilson assigned no ground for dismissal of Murphy's claim. Rule 52.13(a)(1) provides, in part, "Unless a motion for substitution is served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice." Based on the record before us, Rule 52.13(a)(1) mandated dismissal of Murphy's claims.

5. In Wilson's earlier appeal, Aetna raised the same issue by way of a separate motion to dismiss. Because of our dismissal of the appeal,

As Defendants correctly point out, Wilson made no reference to Aetna in his notice of appeal. In the spaces on the preprinted form calling for identification of "Defendant" and "Respondent," he entered only "Mercantile Bank of Springfield." In the portion of the notice calling for a brief description of the case, Wilson wrote, "Civil suit in Tort and Contract in multiple and alternative counts. The court sustained a Motion to Dismiss before issue joined." In the space marked "Date of Judgment," Wilson entered "February 4, 1994." Wilson attached to the notice of appeal a copy of the February 4, 1994, order of dismissal.

Rule 81.08(a) requires that a notice of appeal to this court "shall specify the parties taking the appeal, the judgment or order appealed from, [and] the court to which the appeal is taken.... For this purpose, appellant shall utilize ... Civil Procedure Form No. 8–B...." Form No. 8–B directs the appellant to attach a copy of the "Judgment or Order Appealed From." *Missouri Rules of Court* at 370–71 (West 1995).

The notice of appeal identifies Wilson as the party taking the appeal and this court as the court to which the appeal is taken. As directed by Form No. 8–B, Wilson attached a copy of the February 4, 1994, order. Thus, although the description of the case in the notice refers to the sustention of only one motion, Wilson's notice sufficiently identifies the order appealed from. Wilson entered the date of the order and he attached a copy of the order, which sustains "the separate motions" of Mercantile and Aetna and grants dismissal in favor of both defendants. This is sufficient to comply with Rule 81.08(a), including the relevant directions of Form No. 8–B, which are incorporated into the rule.

Defendants' argument is similar to the argument rejected by the court in *State ex rel. Community Heating and Air Conditioning*

*Co. v. Schwartz*, 452 S.W.2d 243 (Mo.App. 1970). In *Schwartz*, defendant Maryland Casualty Company was the surety on the administrator's bond of defendant Helen M. Schwartz. On January 9, 1968, the trial court dismissed the plaintiff's petition against Maryland Casualty. *Id.* at 245. On December 4, 1968, upon motion of Schwartz, the court "dismissed plaintiff's petition with prejudice...." *Id.* at 246.

In its notice of appeal, the plaintiff omitted reference to Maryland Casualty and identified the order appealed from as an order "dismissing plaintiff's Petition and cause of action, with prejudice, at plaintiff's costs, heretofore entered by this Court, in this cause, upon December 4, 1968." *Id.* at 246[3].

On appeal, Maryland Casualty argued the plaintiff's notice of appeal was defective because Maryland Casualty's name was omitted from the caption of the notice and the caption of the transcript and because the notice identified only the order of December 4, 1968, as the order appealed from. The court held that omission of Maryland Casualty's name from the notice of appeal did not violate Rule 82.08 (predecessor to Rule 81.08). 452 S.W.2d at 246. Moreover, the court held, the plaintiff's reference to the trial court's December 4, 1968, dismissal of its petition and cause of action was sufficient; it was not necessary for the plaintiff to refer to the earlier, nonappealable order dismissing the petition against Maryland Casualty. *Id.* at 246[3].

Just as the *Schwartz* court rejected Maryland Casualty's argument, we reject Aetna's argument. Omission of Aetna's name does not cause Wilson's notice of appeal to fail to identify the order appealed from.[6] Cases cited by Defendants are not controlling authority.[7]

---

Aetna's motion became moot. 791 S.W.2d at 501 n. 2.

**6.** Wilson's reply brief acknowledges the obvious, stating it "would have been preferable" to have identified Aetna by name in the notice of appeal.

**7.** Defendants call our attention to the first paragraph of footnote 7 of *Labor Discount Center, Inc. v. State Bank & Trust Co. of Wellston*, 526 S.W.2d

407, 420 (Mo.App.1975), *Rice v. State*, 779 S.W.2d 771 (Mo.App.1989), and these cases cited in *Rice* at page 773: *Charles v. Ryan*, 618 S.W.2d 220 (Mo.App.1981), and *Brissette v. Brissette*, 471 S.W.2d 691 (Mo.App.1971).

In *Labor Discount Center*, the court condemned the failure in the notice of appeal to mention a summary judgment against Jacob Wittels, which was entered by separate order of separate date

We turn now to Wilson's allegation of trial court error, which requires application of Rule 74.01, as that rule was constituted on February 4, 1994.[8] That rule provides:

"(a) **Included Matters.** 'Judgment' as used in these rules includes a decree and any order from which an appeal lies.[9]

"(b) **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is *subject to revision* at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Our emphasis.)

■ A trial court's authority to revise an order under Rule 74.01(b) includes the power to set aside or vacate the order. *Ward v. Hentges,* 844 S.W.2d 471, 473[2] (Mo.App. 1992). *See State ex rel. Accurate Construction v. Quillen,* 809 S.W.2d 437, 439 (Mo.App. 1991). *See also Shawe v. Wendy Wilson, Inc.,* 25 F.R.D. 1 (S.D.N.Y.1960) (interpreting Fed.R.Civ.Proc. 54(b), which is virtually identical to Rule 74.01(b)).

■ On appeal, Wilson contends that the March 16, 1989, dismissal was "subject to revision" under Rule 74.01(b) until the trial court entered its December 3, 1992, order, permitting him to file the second amended petition. The effect of the December 3, 1992, order, he argues, was to set aside the March 1989 dismissal of the first amended petition, and, as a result, his claims have not been adjudicated, and the trial court erred in dismissing his second amended petition on that basis.

Defendants agree that the March 16, 1989, order was subject to revision until December 3, 1992, but they disagree that the trial court orders of that date revised the order of dismissal. They insist that revision cannot be accomplished "inferentially" or "accidentally." Rather, they argue, to revise the 1989 dismissal order, the court was required to take "affirmative action" or engage in "volitional conduct" that was the result of "designed, intended, planned, purposeful premeditation on the part of the trial judge." If the 1989 order was not vacated, the argument continues, upon dismissal of Murphy's claims the 1989 order became final for pur-

---

from the two orders specified in the notice: a summary judgment in favor of the Shenkers and a judgment in favor of six other defendants following a trial. 526 S.W.2d at 420.

*Rice* involved two separate cases: a criminal case and a civil action for post conviction relief. The appellant made no mention of the post conviction relief action in his notice of appeal. 779 S.W.2d at 773.

In *Charles,* the notice of appeal specified the judgment in favor of the plaintiff against the defendant. The notice made no reference to the directed verdict in favor of the plaintiff on the defendant's counterclaim. 618 S.W.2d at 224.

*Brissette* involved an appeal from an order denying the defendant's motion to quash an execution and garnishment. The trial court entered a two paragraph order. In the first paragraph it denied the defendant's motion. In the second paragraph it awarded attorney fees to the plaintiff. The notice of appeal was silent regarding the award of attorney fees. The court of appeals held the notice did not designate the order awarding attorney fees and, therefore, that order

was not before the court on appeal. 471 S.W.2d at 693.

The instant case involves a single, unified order sustaining the separate motions of Aetna and Mercantile and dismissing the action against both Aetna and Mercantile. Defendants' cases do not apply.

8. Rule 74.01(a) was amended effective January 1, 1995, to add these three sentences: "A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' is filed. The judgment may be a separate document or included on the docket sheet of the case."

9. Defendants repeatedly refer to the 1989 order of dismissal as a "judgment." As Rule 74.01(a) makes clear, "judgment" is a term of art. *See Peterson v. Medlock,* 884 S.W.2d 679, 683[1–4] (Mo.App.1994). To describe the 1989 dismissal order as a "judgment" is to assume away an issue we face in this appeal.

---

---

poses of appeal 30 days afterward by operation of Rule 81.05(a). Consequently, Defendants say, when Wilson failed to file a notice of appeal within the 10 days allowed by Rule 81.04(a), appeal from the 1989 order was foreclosed. With the first amended petition claims thus adjudicated, they conclude, dismissal of the second amended petition was proper.

Sustention of Wilson's motion to dismiss Murphy's claims, standing alone, would have transformed the March 1989 order into an appealable one. *See Magee v. Blue Ridge Professional Building Co.*, 821 S.W.2d 839, 842[1] (Mo.banc 1991) (When a plaintiff's claim against one defendant is dismissed by the trial court for failure to state a cause of action and the plaintiff subsequently dismisses his action against all other defendants, without prejudice, the order of the trial court dismissing as to the initial defendant becomes appealable).

In the instant case, however, the order dismissing Murphy's claims did not stand alone. At the same time, the trial court also sustained Wilson's motion to file a second amended petition, which, the docket sheet states, earlier had been "filed without leave of Court" and which now was filed with leave of court. Leave of court (or consent of Defendants, which did not occur) was required by Rule 55.33(a) before Wilson could file his second amended petition. The trial court had discretion to grant or deny Wilson's motion. *Tindall v. Holder*, 892 S.W.2d 314, 327[28] (Mo.App.1994). We believe it appropriate to presume the trial court's entry of the order granting leave to file the second amended petition was, in Defendants' words, the result of "designed, intended, planned, purposeful premeditation on the part of the trial judge." The presumption we make is particularly true in this case because the second amended petition had been before the trial court for nearly eight months, having been "filed without leave of Court" on April 6, 1992. To accept Defendants' argument would require us to presume the trial judge acted without first considering the ramifications of his order.

The logical effect of the trial court's granting leave to amend the petition was to revise the 1989 order to make it a dismissal of the petition only and not the action.[10] This the court had authority to do under Rule 74.01(b). *Ward*, 844 S.W.2d at 473[2-3].

In its February 4, 1994, order, the trial court appears to have relied solely on the portion of our dismissal of Wilson's earlier appeal in which this court noted the operation of Rule 67.03 on the March 16, 1989, dismissal. *Wilson*, 791 S.W.2d at 499. What the trial court order overlooks is the latter portion of the *Wilson* opinion in which this court notes the potential for revision of the dismissal pursuant to Rule 74.01(b). 791 S.W.2d at 500.

Defendants rely on *State ex rel. Brooks Erection & Construction Co. v. Gaertner*, 639 S.W.2d 848 (Mo.App.1982), and *Wood v. Wood*, 716 S.W.2d 491 (Mo.App.1986). Neither is applicable to the instant case because neither addresses the issue of revision under Rule 74.01(b).

We reverse and remand.

FLANIGAN and MONTGOMERY, JJ., concur.

---

10. Under the version of Rule 67.03 in effect in March 1989, an involuntary dismissal of a petition for failure to state a claim dismissed the action, not just the petition, unless the trial court's order of dismissal indicated in some way that the dismissal was to be of the petition only. *Continent Foods Corp. v. National–Northwood, Inc.*, 470 S.W.2d 315, 317[3] (Mo.App.1971). *See also White v. Sievers*, 359 Mo. 145, 221 S.W.2d 118, 122–23[13–14] (1949), and *Jones v. Williams*, 357 Mo. 531, 209 S.W.2d 907, 908[2] and 911[8–11] (1948). In the latter two opinions, the supreme court construed § 101 of the Civil Code of Missouri (1943 Missouri Laws at 385), which, in pertinent part, is identical to the version of Rule 67.03 applicable to the instant case. There is nothing in the 1989 order of dismissal to indicate Judge McGuire intended to dismiss the petition only rather than the entire action.

The current version of Rule 67.03, effective January 1, 1994, changes the effect of an involuntary dismissal in which the order is silent regarding prejudice. The rule now provides, in pertinent part, "Any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify."