**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Sylvester SMITH, Defendant-Appellant.**

**No. 10744.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 5, 1979.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Scott B. Tinsley, Anderson & Tinsley, Springfield, for defendant-appellant.

BILLINGS, Presiding Judge.

Defendant Sylvester Smith was tried and convicted by a Greene County jury of second degree burglary and stealing. The court found defendant was a prior felon and imposed sentences. Defendant contends the evidence was insufficient to support his convictions and avers prejudicial error arose from prosecutorial misconduct. We affirm.

In reviewing the sufficiency of the evidence to support the verdict of the jury, we consider as true only the evidence and inferences therefrom which support the verdict and reject contrary evidence and inferences. *State v. Reed*, 453 S.W.2d 946 (Mo. 1970).

Defendant was identified by a witness as being one of the two men that were seen inside the burgled apartment during the course of the crime. The witness saw defendant and his companion carrying stolen items from the apartment to a described vehicle and wrote down the license number of the automobile. Defendant and his companion were apprehended in the described automobile about an hour after the burgla-

ry and theft. The victim's checkbook was found in the glove compartment of the car. Other items stolen from the apartment were found in defendant's apartment and at a location he described to police. His point concerning the sufficiency of the evidence is wholly without merit and we find substantial evidence to support his convictions.

■ We have examined defendant's charge that he was prejudiced by a question propounded to him by the prosecutor on cross-examination. He says the question left the impression he had committed other crimes. His direct examination revealed he had been convicted of prior felonies and it developed on earlier cross-examination that he had appeared as a state's witness in other prosecutions. Defendant objected to the instant question [1] before it was completed. The objection was sustained and the jury instructed to disregard the question. Defendant's motion for a mistrial was denied and we find no abuse of discretion by the trial court in this ruling. *State v. Camper*, 391 S.W.2d 926 (Mo.1965).

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.

---

1. ". . . [Y]ou think that all you have to do is go out and knock over as many places as you want to and all you have to do . . . ."