STATE of Missouri, Respondent,

v.

Sylvester SMITH, Appellant.

No. 12377.

Missouri Court of Appeals,
Southern District,
Division One.

April 26, 1982.

Motion for Rehearing or to Transfer to Supreme Court Denied May 18, 1982.

Application to Transfer Denied
June 14, 1982.

**254** ■

John D. Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, for respondent.

David R. Fielder, Fielder, Jones, Conklin & Skinner, Springfield, for appellant.

PER CURIAM:

Allegedly pursuant to Rule 29.05, V.A.M.R.[1], defendant on March 12, 1981, filed in the Circuit Court of Greene County a motion "to modify the sentence imposed on September 22, 1978, to specify that it be served retroactively concurrent to defendant's federal sentences, and his previously imposed Missouri sentences." The motion was overruled June 23, 1981, and declared to be a final judgment for purposes of appeal. Defendant appealed.

Charged as a second offender, defendant was jury-convicted in Greene County on June 21, 1977, of second degree burglary and stealing. On July 8, 1977, the court imposed sentences of seven years for burglary and five years for stealing with the sentences "to run concurrently with each other." This judgment was affirmed on appeal. *State v. Smith*, 582 S.W.2d 731 (Mo.App.1979).

Pending appeal of the burglary and stealing convictions, supra, defendant was free on bond but was arrested and charged in August 1977 in the U.S. District Court with bank robbery. While in federal custody defendant was charged in November 1977 in the Circuit Court of Greene County with having received stolen property. Defendant was convicted of bank robbery in the federal court in December 1977 and in September 1978 pleaded guilty to the state charge of receiving stolen property and sentenced to eight years with that sentence to run concurrently with the previously imposed state sentences of seven and five years for burglary and stealing. According to the briefs herein, the federal authority in January 1981 granted defendant a parole to Missouri custody for service of his state sentences with the balance of the federal sentence to run concurrently with his state sentences. Thereafter, defendant filed the motion which is the subject of this appeal.

■ We first note that Rules 29.01 to 29.06, inclusive, which includes Rule 29.05, deal with jury trials and jury assessment of punishment, whereas the September 22, 1978, sentence which defendant seeks to modify, was assessed by the court following a plea of guilty. Consequently, Rule 29.05 "furnishes no basis for interference when the sentence has been assessed by the trial court." *State v. Smith*, 445 S.W.2d 326, 332[7] (Mo.1969). Secondly we observe that no authority exists for a Missouri court to order that a sentence imposed by it shall run concurrently with a sentence being served in another state or with a sentence being served in federal custody. Sentences to penal institutions of different jurisdictions are cumulative and not concurrent. *State v. Toliver*, 544 S.W.2d 565, 569[11, 12] (Mo. banc 1976); *Harkins v. Lauf*, 532 S.W.2d 459, 462–463[1, 2] (Mo. banc 1976).

Judgment affirmed.

All concur.

1. Rule 29.05: "The court shall have power to reduce the punishment within the statutory limits prescribed for the offense if it finds that the punishment is excessive."