**STATE of Missouri, Respondent,**

v.

**Steven M. VanSICKEL, Appellant.**

**No. WD 38296.**

Missouri Court of Appeals,
Western District.

Jan. 20, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 3, 1987.

Application to Transfer Denied
April 14, 1987.

Thomas J. Marshall, Public Defender,
Moberly, for appellant.

William L. Webster, Atty. Gen., Lee A.
Bonine, Asst. Atty. Gen., Jefferson City,
for respondent.

Before CLARK, P.J., and TURNAGE
and NUGENT, JJ.

PER CURIAM:

In 1983 a jury found defendant, Steven M. VanSickel, guilty of second degree assault and first degree burglary. Following the jury's recommended punishment, the trial judge sentenced defendant to five years' imprisonment for burglary. The trial judge further ordered that the sentences be served consecutively. This court affirmed defendant's conviction and sentence in *State v. VanSickel,* 675 S.W.2d 907 (Mo. App.1984), and affirmed the denial of his Rule 27.26 motion in *VanSickel v. State,* 721 S.W.2d 218 (Mo.App.1986). In 1985 defendant filed a motion to modify sentence and judgment pursuant to Rule 29.05. The trial court's overruling of that motion is the subject of this appeal. We affirm.

In his pro se motion to modify sentence and judgment defendant maintained that "the trial court enhanced, drew unfounded conclusions and or misunderstood the evidence presented at trial." According to defendant, the trial court erroneously ordered consecutive sentences. Defendant also requested appointment of counsel and an evidentiary hearing. The trial court summarily overruled the motion for lack of jurisdiction.

In his sole point on appeal, defendant contends that the trial court had jurisdiction to modify his sentence and erred by not affording him an evidentiary hearing. Defendant relies exclusively on Rule 29.05 which provides: "The court shall have the power to reduce the punishment within the statutory limits prescribed for the offense if it finds that the punishment is excessive."

In these circumstances, the trial court lacked jurisdiction and appropriately overruled defendant's motion to modify his sentence and judgment. In a criminal prosecution, the judgment becomes final when the trial court pronounces sentence. *State ex rel. Wagner v. Ruddy,* 582 S.W.2d 692, 694 (Mo.1979) (en banc). The trial court exhausts its jurisdiction once it imposes and enters a sentence consistent with the law. *Id.* at 695; *State v. Cooper,* 712 S.W.2d 27, 33 (Mo.App.1986); *Ossana v. State,* 699 S.W.2d 72, 73 (Mo.App.1985);

*State v. White*, 646 S.W.2d 804, 809 (Mo. App.1982). Entry occurs upon the making of a written record. *Id.* In the present case, defendant's sentence is recorded in a docket entry dated May 16, 1983. Defendant filed his motion on December 20, 1985, well after the expiration of the trial court's jurisdiction to modify his sentence. Once the trial court properly rendered and entered its final judgment, it became powerless to modify defendant's sentence pursuant to Rule 29.05.

Finding no error, we affirm.