**STATE of Missouri, Plaintiff–Respondent,**

v.

**Angel VIDAL, Defendant–Appellant.**

**No. 17973.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 18, 1992.

Lew Kollias, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Chief Judge.

Angel Vidal (defendant) was charged with and pleaded guilty to transportation of marijuana (Count I) and possession of more than 35 grams of marijuana (Count II). §§ 195.025 and 195.020, RSMo 1986. Thereafter, he filed a Motion for Reduction of Sentence that was denied by the trial court. Defendant appeals the denial of that motion. This court affirms.

Defendant pleaded guilty on March 30, 1990, to the two drug-related offenses with which he was charged. The date of both offenses was January 12, 1989. In accordance with a negotiated plea agreement, defendant was sentenced to imprisonment for a term of eight years on Count I and imprisonment for a term of five years on Count II. The sentences for the two offenses ran concurrently. On October 24, 1991, defendant filed his Motion for Reduction of Sentence. It was directed to the sentence that had been imposed for the offense of transportation of marijuana. It was made "pursuant to Missouri Supreme Court Rule 29.05."

Defendant's first point on appeal contends that the sentence imposed in Count I, imprisonment for a term of eight years, exceeded the maximum punishment that was in effect for the offense charged at the time he was sentenced. He claims the motion court erred in finding otherwise.

■ Defendant's request for relief was made on the basis of Rule 29.05.[1] The trial court denied that request. The trial court specifically found "that Rule 29.05 is not applicable to [defendant's] case, since [defendant's] conviction resulted from a guilty plea rather than a trial by jury." The trial court cited *Rice v. State*, 779 S.W.2d 771 (Mo.App.1989), and *State v. Smith*, 633 S.W.2d 253 (Mo.App.1982), as authority for that determination. Those cases so hold. *See Smith*, at 1.c. 254, and *Rice*, at 1.c. 773. Here, as in *Rice*, "[defendant's] 29.05 motion consequently asked the circuit court for relief the court lacked authority to grant." 779 S.W.2d at 773–74. The first point is denied.

Defendant's second point contends that "[t]he motion court erred in denying [defendant's] postconviction motion without an evidentiary hearing based on the motion being untimely filed because the absolute filing deadline imposed by Rule 24.035 operated to deny [defendant] due process of law ... in that the deadline arbitrarily denied [defendant] postconviction review."

■ ○In his second point, defendant attempts to transmogrify the motion that he filed in his criminal case under the guise of Rule 29.05 into a motion for post-conviction relief, a civil proceeding that is governed in guilty plea cases by Rule 24.035. His efforts fail in two respects. Proceedings arising under Rule 29.05 and Rule 24.035 are distinct and separate proceedings—see *Rice v. State, supra*, at 775, and *State v. Werbin*, 597 S.W.2d 663, 664–65 (Mo.App. 1980). Further, defendant, although not stating the date when he was "delivered to the custody of the Department of Corrections," infers that it was more than ninety days prior to the filing of the Rule 29.05 motion. Otherwise, there would be no reason for his attempted claim that the "absolute deadline imposed by Rule 24.035" violates due process provisions of the United States and Missouri constitutions. Thus,

---

1. Defendant's first point does not allude to the means by which defendant presented the issue to the trial court. However, a statement in a footnote in his brief acknowledges that "there appears no right to file a motion for reduction of sentence under Rule 29.05 after a guilty plea nor appeal therefrom." In that footnote, defen-

dant has suggested that the Rule 29.05 motion "could be deemed a 24.035 since it mounted a challenge to judgment and sentence." The issue of whether defendant's Rule 29.05 motion is cognizable as a Rule 24.035 motion is addressed, *infra*, with respect to the second point on appeal.

even if a Rule 29.05 motion were cognizable under Rule 24.035, the untimeliness of defendant's motion in this case would defeat its consideration.

The time limitations of Rule 24.035 have withstood constitutional scrutiny. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc), *cert. denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Defendant's second point is denied. The order of the trial court denying the relief sought by defendant is affirmed.

CROW, P.J., and SHRUM, J., concur