**Melvin Leroy TYLER, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 55885.**

Missouri Court of Appeals,
Western District.

May 18, 1999.

Rosemary Percival, Public Defender Office, Kansas City, for Appellant.

Linda Lemke, Attorney General Office, Jefferson City, for Respondent.

HANNA, Judge.

In June of 1977, the defendant, Melvin Leroy Tyler, was convicted of robbery in the first degree, rape, kidnapping and armed criminal action after a jury trial in the Platte County Circuit Court. This court affirmed the defendant's convictions. *State v. Tyler,* 587 S.W.2d 918, 934 (Mo. App.1979). He then filed a Rule 27.26 motion on December 28, 1987, which was denied after a hearing. This court affirmed the denial. *Tyler v. State,* 794 S.W.2d 252 (Mo.App.1990). The defendant filed a second Rule 27.26 motion on March 18, 1996, which was denied as untimely filed. The denial was affirmed. *Tyler v. State,* 941 S.W.2d 856 (Mo.App.1997).[1]

On September 18, 1997, the defendant filed his third motion for post-conviction relief, this time pursuant to § 547.360, RSMo Supp.1997. The motion court sustained the state's motion to dismiss on the ground that the motion was not timely filed and was successive. The defendant appeals.

In his sole point on appeal, the defendant argues that because the statute took effect on August 28, 1997, and the mandate in his case was handed down on December 28, 1987, his failure to file within 90 days after the date the mandate of the appellate

---

1. During this period, the defendant also unsuccessfully sought relief via petitions for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. In April of 1984, the Eighth Circuit upheld the district court's denial of the defendant's first petition. *Tyler v. Wyrick,* 730 F.2d 1209 (8 th Cir.1984) *cert. denied* 469 U.S. 838, 105 S.Ct. 138, 83 L.Ed.2d 78 (1984). The defendant filed a second petition for writ of *habeas corpus,* which was denied in April of 1993, and upheld by the Eighth Circuit. The United States Supreme Court subsequently denied *certiorari.* In 1994, the defendant again filed a petition with the federal court, which was again denied, and affirmed by the Eighth Circuit, then denied *certiorari* by the Supreme Court.

court was issued should not constitute a "complete waiver of any right to proceed."[2] He argues that § 547.360 does not include any language limiting its application to persons convicted after its effective date, thus he should be given a reasonable time to file his motion.

Section 547.360 is the codification of Rules 29.15 and 24.035. *Schleeper v. State*, 982 S.W.2d 252, 254 (Mo. banc 1998), *cert denied,* — U.S. ——, 119 S.Ct. 1509, 143 L.Ed.2d 661 (1999). In *Schleeper,* the Missouri Supreme Court held that § 547.360 neither created any new rights, nor amended or annulled Rule 29.15, but rather, it simply codified the existing post-conviction procedures of Rules 29.15 and 24.035. *Id.* Thus, the Court held that § 547.360 "was not intended to and did not create a second and independent avenue for post-conviction relief." *Id.* at 254. *See also Chambers v. State,* 982 S.W.2d 243 (Mo. banc 1998); *Sharp v. State,* 982 S.W.2d 325 (Mo.App.1998).

The motion court's dismissal of Tyler's motion pursuant to § 547.360, as untimely and successive, is affirmed.

SMART, P.J., and LAURA DENVIR STITH, J., concur.

---

**2.** Section 547.360.2 provides that "[I]f an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within ninety days after the date the mandate of the appellate court is issued."