### STATE of Missouri, Plaintiff/Respondent,

v.

### John E. CHILDERS, Sr., Defendant/Appellant.

#### No. ED 87323.

Missouri Court of Appeals, Eastern District, Division 4.

May 16, 2006.

John E. Childers, Sr. Bowling Green, MO, Appellant Pro Se.

Shaun J. Mackelprang, Jayne T. Woods, Jefferson City, MO, for Respondent.

### SHERRI B. SULLIVAN, J.

*Introduction*

John E. Childers, Sr. (Appellant) appeals from the trial court's judgment entered on July 29, 2005, denying his Motion for Sentence Reduction (motion to reduce sentence). We dismiss for lack of jurisdiction.

*Discussion*

On February 5, 2003, following a jury trial, Appellant was convicted of stealing, third offense, in violation of Sections 570.030 and 570.040.[1] On May 6, 2003, the trial court sentenced Appellant, as a persistent offender, to twenty years' imprisonment. On July 20, 2005, Appellant filed a motion to reduce sentence. On July 29, 2005, the trial court entered its judgment denying Appellant's motion. The trial court's minutes of proceedings indicate that Appellant filed his appeal of the trial court's judgment on August 8, 2005, the tenth day after judgment was entered. However, Appellant did not pay the docket fee or obtain waiver thereof by that date. Rather, Appellant filed his motion to proceed in forma pauperis on September 29, 2005, which was granted on December 5, 2005.

Where a notice of appeal is timely filed within ten days after judgment pursuant to Rule 30.01(d),[2] but without payment of the required docket fee or a waiver thereof, the notice of appeal is not timely filed, since without payment of the docket fee or an order of court waiving same there can be no valid filing of notice and thus the court has no jurisdiction. *State v. Keeney,*

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. All rule references are to Mo.R.Crim.P. 2005, unless otherwise indicated.

536 S.W.2d 518 (Mo.App.1976). Appellant was granted leave to appeal as a poor person on December 5, 2005, seventeen weeks after the last day for filing a timely notice of appeal. Even if we considered Appellant's appeal as filed on September 29, 2005, the date that he requested leave to appeal as a poor person, see *State v. Lawrence,* 139 S.W.3d 573 (Mo.App. E.D. 2004),[3] that date is still well beyond the ten-day limit.[4]

### Conclusion

Appellant's point on appeal is dismissed for lack of jurisdiction.

NANNETTE A. BAKER, P.J., and ROBERT G. DOWD, JR., J., concur.

---

3. "Although a notice of appeal typically will not be considered filed until the docket fees are paid, an exception applies 'when an appellant has done "all he could do" by timely tendering his notice of appeal and request to file as a poor person.' " *Lawrence,* 139 S.W.3d at 575.

4. Furthermore, a Rule 29.05 motion to reduce sentence applies to sentences imposed by juries, not judges. *State v. Smith,* 633 S.W.2d 253 (Mo.App. S.D.1982).