**STATE of Missouri, Respondent,**

v.

**Melvin Leroy TYLER, Appellant.**

**No. WD 67384.**

Missouri Court of Appeals,
Western District.

March 20, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 1, 2007.

Application for Transfer Denied June 26, 2007.

Melvin Leroy Tyler, Jefferson City, pro se.

Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

Before JAMES M. SMART, JR., Presiding Judge, JOSEPH M. ELLIS, Judge, and EDWIN H. SMITH, Judge.

JOSEPH M. ELLIS, Judge.

Melvin Leroy Tyler appeals from the denial of his *pro se* motion filed on November 2, 2005, in the Circuit Court of Platte County, challenging his June 2, 1977 convictions for forcible rape, robbery in the first degree, kidnapping, and armed criminal action. In his motion, Appellant claimed that the trial court lacked jurisdiction over his case because he had filed a motion to remove the case to federal court and the trial court had not received a remand back from the federal court. The trial court denied Appellant's motion finding that it was in the nature of a post-conviction motion, that Appellant had already unsuccessfully filed three prior post-conviction motions, and that the current motion was untimely and successive.

Before this Court may address the merits of an appeal, it must first determine whether jurisdiction is proper. *Shelton v. Shelton*, 201 S.W.3d 576, 579 (Mo. App. W.D.2006). "If we lack jurisdiction, then the appeal must be dismissed." *Id.*

This Court's jurisdiction is derivative of the trial court. *Id.* A trial court has no jurisdiction to entertain a post-conviction motion filed beyond the time limits provided in the applicable Supreme Court Rule. *Patterson v. State,* 164 S.W.3d 546, 548 (Mo.App. E.D.2005). Moreover, Rule 27.26, which was the rule governing motions for post-conviction relief in effect at the time of Appellant's conviction, prohibited the trial court from entertaining a successive Rule 27.26 motion when the grounds asserted were raised in the original motion or could have been raised therein. *Hooper v. State,* 579 S.W.2d 647, 649 (Mo.App. E.D.1979).

After Appellant's convictions and sentences were affirmed on direct appeal,[1] on December 28, 1987, Appellant filed his first motion for post-conviction relief under Rule 27.26, which was denied following a hearing. *Tyler v. State,* 994 S.W.2d 50, 50 (Mo.App. W.D.1999). The denial of that motion was affirmed on appeal.[2] *Id.* Appellant filed a second Rule 27.26 motion on March 18, 1996, which was denied as untimely. *Id.* The denial of that motion was affirmed on appeal.[3] *Id.* Appellant filed

---

1. *State v. Tyler,* 587 S.W.2d 918, 934 (Mo.App. W.D.1979).

2. *Tyler v. State,* 794 S.W.2d 252 (Mo.App. W.D.1990).

3. *Tyler v. State,* 941 S.W.2d 856 (Mo.App. W.D.1997).

his third motion for post-conviction relief on September 18, 1997, and that motion was dismissed as being both successive and untimely. *Id.* The dismissal of that motion was affirmed on appeal. *Id.* Appellant's current post-conviction motion is likewise both successive and untimely.

■ Appellant asserts that his motion could have been granted under the plain error provisions of Rule 29.12(b). Contrary to Appellant's assertion, however, "Rule 29.12(b) provides no basis for an independent motion and further, there is no statutory authority for an appeal from an order denying a Rule 29.12(b) motion." *State v. Smith,* 204 S.W.3d 697, 698 (Mo. App. E.D.2006); *see also Vernor v. State,* 30 S.W.3d 196, 197 (Mo.App. E.D.2000).

■ In short, the trial court lacked jurisdiction to entertain Appellant's motion, and, as a result, this court lacks jurisdiction over Appellant's appeal. Appellant's appeal is, therefore, dismissed for lack of jurisdiction.[4]

All concur.

---

**4.** Appellant attempts to claim for the first time on appeal that Rules 29.12(b) and 27.20(c) (1969) are unconstitutional to the extent they preclude him from pursuing his current motion. Since such a constitutional claim was not raised at the earliest opportunity with the trial court, it is not preserved for appellate review. *State v. Crow,* 63 S.W.3d 270, 273 (Mo.App. W.D.2001). Moreover, even were his claim preserved, the time limits placed upon the filing of post-conviction motions by the applicable Supreme Court rule have repeatedly been held to be mandatory and constitutional. *See White v. State,* 939 S.W.2d 887, 904 (Mo. banc 1997); *State v. Johnson,* 907 S.W.2d 311, 313 (Mo.App. E.D. 1995); *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989).