**STATE of Missouri, Respondent,**

v.

**William Patrick BRYANT, Appellant.**

No. 28673.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 31, 2007.

Appellant appears pro se.

No brief filed by Respondent.

GARY W. LYNCH, Chief Judge.

William Patrick Bryant ("Appellant") filed in the Circuit Court of Cedar County a "Rule 29.05 petition," which was overruled by the trial court via a docket entry.[1] Appellant files his appeal *pro se*, seeking review of the trial court's denial of his motion without a hearing.

Pursuant to a "Substituted Information for Indictment" filed May 17, 1999, Appellant was charged with the class A felony of manufacturing a controlled substance, under section 195.211, RSMo 1994. Appellant's trial was set for June 9, 1999, however Appellant failed to appear for the proceedings, and a warrant was issued for his arrest. Appellant was subsequently

---

1. All references to Rules herein are to Missouri Court Rules (2006), unless otherwise indicated.

Rule 29.05 states, "The court shall have power to reduce the punishment within the statutory limits prescribed for the offense if it finds that the punishment is excessive."

apprehended and charged with failure to appear.

At his trial on the charge of manufacturing a controlled substance, Appellant was found to be a persistent drug offender. After the jury returned a guilty verdict, Appellant was sentenced by the court on May 15, 2000, to a term of fifteen years' imprisonment. Pursuant to section 217.362, as ordered by the trial court, Appellant subsequently entered a long-term drug treatment program.[2]

Defendant filed a notice of appeal in this Court on June 19, 2000, challenging his conviction for manufacturing a controlled substance. However, on January 2, 2001, the appeal was dismissed in accordance with Appellant's motion to dismiss his appeal, pursuant to Rule 30.13, asserting that "after having been fully advised of the rights attendant to this appeal and the consequences of dismissing it, [Appellant] voluntarily waives those rights and dismisses his appeal[.]" A waiver signed by Appellant accompanied the motion to dismiss.

Following his successful completion of the long-term drug treatment program, on August 2, 2001, the trial court ordered Appellant's release, suspended execution of sentence, and placed Appellant on five years' supervised probation with a special condition that Appellant enter and successfully complete an outpatient substance-abuse counseling program. Probation was subsequently revoked on November 12, 2003, and the trial court ordered the execution of Appellant's remaining sentence.

Appellant filed the instant *pro se* motion with the trial court on January 9, 2006.

Although Appellant's motion contained a sub-heading designated as "Motion [to] Vacate, Set Aside or Correct Void Judgment or Sentence," Appellant relied exclusively upon Rule 29.05 in support of his request for relief.[3] In his motion, Appellant asserted, *inter alia*, that "[t]he sentences imposed in this case were imposed in violation of Missouri Supreme Court Rule 29.05 and are excessive under the unique factual predicate of this case because [Appellant] had no appeal and did not knowingly waive the right to appeal." As "mitigating factors," Appellant set forth the following:

A: The sentence imposed in this case ... must be vacated because [Appellant] has no appeal. The attorney told [Appellant] if he appealed that the judge would retaliate and take the long term treatment and that [Appellant] would have to do the full sentence and the judge could give [Appellant] more.

B: [Appellant] did not appeal because he was under terror inflicted on him by his attorney.

Appellant contended that "[t]he proper remedy is to vacate the sentence, re-sentence the movant so that an appeal could be taken." By docket entry dated January 19, 2006, the trial court overruled Appellant's motion. This appeal followed.

■ "Before this Court may address the merits of an appeal, it must first determine whether jurisdiction is proper." *State v. Tyler*, 224 S.W.3d 89, 90 (Mo.App. 2007). "This Court's jurisdiction is derivative of the trial court." *Id.* If "the trial court lacked jurisdiction to entertain Appellant's motion, [then] this Court lacks

---

2. On May 18, 2000, Appellant entered a guilty plea to a charge of failure to appear for the June 9, 1999 court date. Appellant was sentenced to a three-year term of imprisonment, which was ordered to run consecutive to the sentence he received upon his conviction for manufacturing a controlled substance.

3. This may be due to the fact that the time period within which the Appellant could have filed a Rule 29.15 motion for post-conviction relief expired while he was in the long-term drug treatment program.

jurisdiction over Appellant's appeal." *Id.* at 91.

 "In a criminal prosecution, the judgment becomes final at the time the trial court pronounces sentence." *State v. Lawyer,* 208 S.W.3d 921, 921 (Mo.App. 2006). "The trial court exhausts its jurisdiction when it enters a judgment and sentence consistent with the law." *Id.* As a persistent drug offender Appellant was sentenced in accordance with section 195.291, RSMo Cum.Supp.1996. The authorized term of imprisonment that applied to Appellant's conviction ranged between "not less than ten years and not to exceed thirty years[.]" Section 558.011, RSMo 1994. Appellant received a sentence of fifteen years' imprisonment well within the range of punishment. "Having properly rendered and entered its final judgment, the trial court thereafter had no power to modify defendant's sentence pursuant to Rule 29.05." *Id.* (finding that "[t]he trial court did not err in denying defendant's Rule 29.05 motion"), *citing State v. Van Sickel,* 726 S.W.2d 392, 392–93 (Mo.App.1987).

Appellant's motion pursuant to Rule 29.05 "asked the circuit court for relief the court lacked authority to grant." *State v. Vidal,* 843 S.W.2d 392, 393 (Mo.App.1992) (where defendant's conviction resulted from a guilty plea rather than a trial by jury). *See also State v. Prosser,* 131 S.W.3d 858 (Mo.App.2004) (on defendant's Rule 29.05 motion, the trial court dismissed the motion, finding that "[t]he trial court lacked jurisdiction to modify defendant's sentence under Rule 29.05 after it filed its sentence[,]" affirming the trial court's dismissal of the motion); *Rice v. State,* 779 S.W.2d 771, 773–74 (Mo.App. 1989), and *State v. Smith,* 633 S.W.2d 253, 254 (Mo.App.1982). Where a circuit court lacks jurisdiction to consider the merits of a case, this Court has no jurisdiction to hear the appeal. *Robinson v. State,* 211 S.W.3d 162, 164 (Mo.App.2007); *Patterson v. State,* 164 S.W.3d 546, 548 (Mo.App. 2005); *Crabtree v. State,* 91 S.W.3d 736, 738 (Mo.App.2002); *Hall v. State,* 992 S.W.2d 895, 898 (Mo.App.1999).

Accordingly, this appeal is dismissed.

RAHMEYER, J., and CRAWFORD, Sr.J., concur.