Wallace N. WEIR, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 70807.

Missouri Court of Appeals, Western District.

Jan. 26, 2010.

Wallace N. Weir, Jefferson City, MO, pro se.

Jamie P. Rasmussen, Jefferson City, MO, for Respondent.

Before JAMES EDWARD WELSH, P.J., MARK D. PFEIFFER, and KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Presiding Judge.

In 2001, a jury convicted Wallace N. Weir of first-degree burglary and armed criminal action. The court sentenced him as a persistent offender to consecutive terms of thirty years and fifteen years in prison. We affirmed the convictions and sentences. *State v. Weir*, 67 S.W.3d 749 (Mo.App.2002). Weir subsequently filed a Rule 29.15 motion for post-conviction relief. The circuit court denied the motion after an evidentiary hearing. We affirmed the denial. *Weir v. State*, 196 S.W.3d 669 (Mo.App.2006).

In January 2009, Weir filed a motion for reduction of his sentences pursuant to Rule 29.05 and for habeas corpus relief pursuant to Rule 91.06. In the motion, he alleged that the evidence was insufficient to support the armed criminal action conviction, and, therefore, the sentence imposed for that offense was excessive. He further argued that, because the court considered the armed criminal action conviction when it determined his sentence on the burglary conviction, the burglary sentence was also excessive. He asked the court to set aside both sentences and impose a new sentence on only the burglary conviction. The circuit court denied Weir's motion. Weir appeals.

In his sole point on appeal, Weir argues that the insufficiency of the evi-

dence to support the armed criminal action conviction entitles him to relief under either Rule 29.05 or Rule 91.06. Rule 29.05 provides that the circuit court has the "power to reduce the punishment within the statutory limits prescribed for the offense if it finds that the punishment is excessive." This rule applies to criminal prosecutions in which a jury, rather than the judge, assessed punishment. *State v. Childers*, 192 S.W.3d 496, 497 n. 4 (Mo. App.2006). If, in the circuit court's opinion, the conviction is proper but the punishment the jury assessed is greater than that which ought to be imposed under the circumstances of the case, the court can utilize its power under Rule 29.05 to reduce the sentence recommended by the jury. *State v. McClanahan*, 954 S.W.2d 476, 481–82 (Mo.App.1997).

■ The purpose of Rule 29.05 is to make clear that it is the court that renders the appropriate sentence after due consideration of the jury's sentencing recommendation. This is true with or without a motion by the defendant, as indeed no motion is mentioned in the Rule. The Rule addresses only the power of the sentencing court and concerns only the time period beginning when the court receives the verdict of the jury until the time the court pronounces the judgment and sentence. *State v. VanSickel*, 726 S.W.2d 392, 392–93 (Mo.App.1987).

■ In this case, the circuit court found that it lacked the power to grant Weir's request for relief pursuant to Rule 29.05 because the court had entered its final judgment sentencing Weir. Indeed, the record indicates that Weir was sentenced over seven years before he filed his Rule 29.05 motion. The judgment in a criminal prosecution becomes final at the time that the circuit court pronounces its sentence. *State v. Bryant*, 237 S.W.3d 603, 605 (Mo. App.2007). Once the circuit court imposes and enters a sentence that is consistent with the law, the court cannot grant a defendant the relief of reducing the sentence pursuant to Rule 29.05. *Id.*; *State v. Lawyer*, 208 S.W.3d 921, 921 (Mo.App. 2006); *VanSickel*, 726 S.W.2d at 392–93.[1]

Weir asserts, however, that the sentences were not consistent with the law, and therefore the circuit court never lost the power to reduce them. While it is true that a sentence that is contrary to the law when entered may be corrected, *State v. Ferrier*, 86 S.W.3d 125, 127 (Mo.App.2002), Weir's sentences complied with the law for sentencing a persistent offender for the offenses of first-degree burglary and armed criminal action. The judgment is final. The court had no power to reduce Weir's sentences.

Moreover, because Weir was found to be a persistent offender, the court, not the jury, assessed punishment. Thus, Rule 29.05 relief would not have been available to Weir anyway. *Childers*, 192 S.W.3d at

---

1. The circuit court in this case and the opinions in *Bryant, Lawyer,* and *VanSickel* characterize the court's lack of power to grant relief pursuant to Rule 29.05 after the judgment becomes final as a lack of jurisdiction to grant such relief. In light of the Missouri Supreme Court's opinion in *Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), we question whether this is a jurisdictional issue. As noted in *Webb*, there are only two types of jurisdiction: personal and subject matter. *Id.* at 252. There is no question that the court had personal jurisdiction over Weir. Likewise, because article V, section 14 of the Missouri Constitution gives circuit courts "original jurisdiction over all cases and matters, civil and criminal," the court had subject matter jurisdiction over this criminal matter. Given the Court's holding in *Webb*, we believe that the issue is not whether the court had jurisdiction to rule on Weir's Rule 29.05 motion but, rather, whether the court had the power to grant Rule 29.05 relief.

497 n. 4. The court properly denied Weir's Rule 29.05 motion.

 Weir also claims that the circuit court erred in not granting his request for relief pursuant to Rule 91.06. Rule 91.06 says:

> Whenever any court of record, or any judge thereof, shall have evidence from any judicial proceedings had before such court or judge that any person is illegally confined or restrained of liberty within the jurisdiction of such court or judge, it shall be the duty of the court or judge to issue a writ of habeas corpus for the person's relief, although no petition be presented for such writ.

Thus, Rule 91.06 makes it the duty of every court in this state "to issue a writ of habeas corpus for any person, regardless whether application for such a writ is presented, where there is evidence from judicial proceedings before it that a person is illegally confined." *Abel v. Wyrick*, 574 S.W.2d 411, 416 (Mo. banc 1978).[2] The circuit court found that there was no basis for granting Weir relief under this rule.

To the extent that Weir is appealing the circuit court's denial of his request to issue a writ of habeas corpus, we question whether such an appeal is permissible. Weir's request that the circuit court exercise its power, pursuant to Rule 91.06, to issue a writ of habeas corpus *sua sponte* was essentially a petition for a writ of habeas corpus. "There is no appeal from the denial of a petition for a writ of habeas corpus." *Blackmon v. Mo. Bd. of Prob. & Parole*, 97 S.W.3d 458, 458 (Mo. banc 2003). The proper procedure following the denial of a petition for a writ of habeas corpus is to file a new petition in the appellate court. *Id.*

2. The Court in *Abel* referred to prior Rule 91.05, which was substantially the same as current Rule 91.06. Rule 91.06, Committee

To the extent that Weir is asking this court to exercise its power under Rule 91.06 to issue a writ of habeas corpus *sua sponte*, we find no basis in the record before us to grant such relief.

We, therefore, affirm the circuit court's denial of Weir's motion.

All concur.

Note—1983, Missouri Supreme Court Rules (2009).