**STATE of Missouri ex rel. Dwight K. SCROGGINS, Jr., Buchanan County Prosecuting Attorney, Relator,**

v.

**The Honorable Daniel F. KELLOGG, Judge of the Circuit Court of Buchanan County, Missouri, Division No. 4, Respondent.**

No. WD 71763.

Missouri Court of Appeals,
Western District.

March 9, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2010.

Application for Transfer Denied
June 29, 2010.

Ronald R. Holliday, Chief Assistant Prosecuting Attorney, St. Joseph, MO, for Relator.

Daniel L. Radke, St. Joseph, MO, for Respondent.

Before Writ Division: MARK D. PFEIFFER, Presiding Judge, and ALOK AHUJA and KAREN KING MITCHELL, Judges.

MARK D. PFEIFFER, Presiding Judge.

The State of Missouri (the State) seeks a writ of mandamus ordering the Circuit Court of Buchanan County (the trial court) to vacate its amended judgment of July 1, 2009, in which it granted Jeffrey Cornelius's (Cornelius) Rule 29.05[1] motion and modified his two 7–year sentences to be served concurrently instead of consecutively. In its writ, the State argues that the trial court lacked authority to do so. We agree.

On February 13, 2002, Cornelius pleaded guilty to the class B felonies of first-degree burglary and first-degree assault.

The trial court sentenced Cornelius to seven years on both charges and ordered the sentences to be served consecutively. The trial court suspended execution of the sentences and placed Cornelius on probation.

On July 14, 2004, the trial court revoked Cornelius's probation and ordered his placement in the Missouri Department of Corrections. After numerous post-conviction motions were filed and denied, Cornelius ultimately filed a Rule 29.05 motion in which he requested that the trial court modify his sentences. On July 1, 2009, the trial court held a hearing on Cornelius's Rule 29.05 motion and entered an amended judgment which ordered Cornelius's sentences to be served concurrently instead of consecutively. On November 30, 2009, the State filed a writ of mandamus in this court. We granted a preliminary writ on December 22, 2009. We now make that writ absolute.[2]

■ As a general matter, a trial court lacks the authority to amend a sentence once the judgment becomes final. *State ex*

---

1. All rule references are to Missouri Rules of Civil Procedure 2009, unless otherwise indicated.

2. Respondent has filed a motion to dismiss, arguing that the State had an available remedy by appeal, and therefore cannot seek a writ of mandamus pursuant to Rule 84.22(a). We recognize that prior cases have reviewed, on appeal, a trial court's *denial* of a belated Rule 29.05 motion. *See, e.g., Weir v. State,* 301 S.W.3d 136 (Mo.App. W.D. 2010); *State v. Lawyer,* 208 S.W.3d 921 (Mo.App. E.D.2006); *State v. VanSickel,* 726 S.W.2d 392 (Mo.App. W.D.1987). We need not decide whether review by appeal was an available remedy in the circumstances presented here, however. Even if the State had the right to appeal the trial court's entry of the amended judgment, it filed its petition for writ of mandamus within the time allowed for the State to file an application for leave to appeal out of time under Rule 30.03. In limited circumstances, we

may, in our discretion, treat a petition for a writ of mandamus as an application for leave to appeal out of time. *See, e.g., State v. Carter,* 569 S.W.2d 26, 27 (Mo.App.1978); *see also State v. Larson,* 79 S.W.3d 891, 893–94 (Mo. banc 2002) (treating improper appeal as an application for a writ of mandamus, and emphasizing that " '[c]ases should be heard on the merits if possible, construing the court rules liberally to allow an appeal to proceed' " (citation omitted)); *In re N.D.C.,* 229 S.W.3d 602, 604 (Mo. banc 2007) (similar). In the unusual circumstances of this case, where there was evidently some confusion as to the manner in which to seek review of the trial court's amended judgment, the governmental entity responsible for seeking review, and the apparent confusion was caused by the trial court acting in excess of its authority, we would find good cause for the filing of a notice of appeal out of time, even assuming the State was required to seek review by appeal.

*rel. Poucher v. Vincent,* 258 S.W.3d 62, 65 (Mo. banc 2008); *State ex rel. Zahnd v. Shafer,* 276 S.W.3d 368, 371 (Mo.App. W.D. 2009). This is true even in cases where the trial court suspended the execution of the defendant's sentences. *Poucher,* 258 S.W.3d at 65; *Zahnd,* 276 S.W.3d at 371.

This is true in spite of the fact that the trial court purported to act under Rule 29.05. Rule 29.05 grants the trial court the "power to reduce the punishment within the statutory limits prescribed for the offense if it finds that the punishment is excessive." This rule applies only to criminal cases in which a jury, rather than the trial court, assesses punishment. *Weir v. State,* 301 S.W.3d 136, 137–38 (Mo.App. W.D.2010); *State v. Childers,* 192 S.W.3d 496, 497 n. 4 (Mo.App. E.D.2006). If, after the jury returns its verdict, the trial court concludes that the conviction is proper but that the jury's punishment is greater than that which should have been imposed under the circumstances of the case, the trial court can utilize its power under Rule 29.05 to reduce the sentence. *Weir,* 301 S.W.3d at 137–38; *State v. McClanahan,* 954 S.W.2d 476, 481–82 (Mo.App. W.D. 1997).

The purpose of Rule 29.05 is to make clear that it is the sentencing court that renders the appropriate sentence after due consideration of the jury's sentencing recommendation. Rule 29.05 addresses the power of the sentencing court to modify a jury-recommended sentence at the time between when the sentencing court receives the jury's verdict and the time the sentencing court pronounces the judgment and sentence. *Weir,* 301 S.W.3d at 137–38; *State v. VanSickel,* 726 S.W.2d 392, 392–93 (Mo.App. W.D.1987). Once the sentencing court enters a sentence that is authorized by law, the judgment becomes final and the trial court cannot use Rule 29.05 to reduce a defendant's sentence.

*Weir,* 301 S.W.3d at 137–38; *State v. Bryant,* 237 S.W.3d 603, 605 (Mo.App. S.D. 2007); *State v. Lawyer,* 208 S.W.3d 921 (Mo.App. E.D.2006).

In this case, there are two reasons why the trial court did not have authority under Rule 29.05 to reduce Cornelius's sentences. First, the record shows that Cornelius pleaded guilty to his offense and so the trial court—and not a jury—assessed his sentences. Rule 29.05 is inapplicable, because the trial court assessed Cornelius's sentences in the first instance. *Weir,* 301 S.W.3d at 138–39; *see Childers,* 192 S.W.3d at 497 n. 4. Second, the record shows that the trial court's amended judgment occurred approximately seven years after its original judgment became final. Thus, because the trial court had already entered judgment and that judgment had become final, it could not use Rule 29.05 to modify the sentence or the manner in which the sentence would be served. *Weir,* 301 S.W.3d at 137–38; *Bryant,* 237 S.W.3d at 605. The trial court, therefore, erred in using Rule 29.05 as an authoritative basis to modify Cornelius's sentences or to otherwise modify the manner in which Cornelius would serve his sentences.

In its response to the State's writ, the respondent concedes that, under these prior cases, the trial court did not have the authority to modify Cornelius's sentences. The respondent claims, however, that after the Supreme Court's decision in *Webb ex rel. J.C.W. v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009), section 559.036.3, RSMo Cum.Supp.2006, and the limits on Rule 29.05 cannot prevent the trial court from exercising jurisdiction to modify Cornelius's sentences.

As this court noted in *Andrews v. State,* 282 S.W.3d 372 (Mo.App. W.D.2009), the Missouri Supreme Court has, indeed, clarified the law on jurisdiction:

In *Webb ex rel. J.C.W. v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009), the Missouri Supreme Court clarified that Missouri recognizes only two types of jurisdiction: personal and subject matter. *Id.* at 251–53. Both personal and subject matter jurisdiction derive from constitutional principles. *Id.* Subject matter jurisdiction refers to the 'court's authority to render a judgment in a particular category of case.' *Id.* at 253. In Missouri, the court's subject matter jurisdiction derives directly from article V, section 14 of the Missouri Constitution, which says that '[t]he circuit courts shall have original jurisdiction over all cases and matters, civil and criminal.'
. . .

The Supreme Court noted that there were prior cases that had created another form of subject matter jurisdiction called 'jurisdictional competence.' The issue of 'jurisdictional competence' arose when there was no question that the circuit court had subject matter jurisdiction over the general issue, but there was [a] question 'whether the issue or parties affected by the court's judgment [were] properly before it for resolution at that time.' *Id.* (internal quotation marks omitted). In *Webb,* the Missouri Supreme Court stated that 'jurisdictional competence' had no constitutional basis and was not recognized in Missouri. *Id.*

*Andrews,* 282 S.W.3d at 374 n. 3.

■ Thus, prior Missouri cases that interpreted statutory or rule restrictions on a trial court's power to take an action in a particular case as a deprivation of the court's "jurisdiction" are no longer accurate. *Webb,* 275 S.W.3d at 254; *Hayes v. State,* 301 S.W.3d 542, 547–48 (Mo.App. W.D.2009). Conversely, subject matter jurisdiction does not enlarge a trial court's authority, and the trial court is not authorized to ignore limits on its authority itemized by statute or rule.

■ As the Supreme Court noted in *Webb,* "[w]hen a statute speaks in jurisdictional terms or can be read in such terms, it is proper to read it as merely setting statutory limits on remedies or elements of claims for relief that courts may grant." 275 S.W.3d at 255. Thus, while a statute or rule cannot strip the court of subject matter jurisdiction, it may still limit the court's ability to grant a remedy. And, of course, it is this court's obligation to review actions of trial courts for legal error. *State ex rel. State v. Parkinson,* 280 S.W.3d 70, 75–76 (Mo. banc 2009).

For example, in *Schmidt v. State,* 292 S.W.3d 574, 576–77 (Mo.App. S.D.2009), the defendant appealed the judgment of his guilty pleas on the basis that the trial court lacked subject matter jurisdiction over his case. The defendant claimed that the trial court lacked subject matter jurisdiction to accept his guilty plea because, in violation of section 217.460, RSMo 2000, the State did not bring him to trial within 180 days after he requested a final disposition of detainer. *Id.* at 576.

The *Schmidt* court held that, pursuant to *Webb,* the defendant's claim was not jurisdictional and so, because it was a criminal case, the trial court had subject matter jurisdiction over the defendant's case. *Id.* The court, however, noted that section 217.460 was still valid and so the trial court was required to dismiss the case against the defendant if the State failed to bring the case within 180 days of his request for a final disposition. *Id.* at 577. The court concluded that section 217.460 operated as a statutory bar to relief and that a trial court's alleged noncompliance with the statute could be reviewed for legal error. *Id.* Since the defendant entered a guilty plea, the court held that the defendant waived any claim that the trial

court failed to follow section 217.460. *Id.* Thus, even though under *Webb* a statute or rule may not strip a trial court of jurisdiction, the trial court is still obligated to follow the statute or rule. *Id.*; *see also McCracken*, 298 S.W.3d at 477 (stating that whether or not the trial court has jurisdiction over the case and whether or not the trial court has statutory or common law authority to grant relief in a particular case are separate issues); *See, e.g., Hayes v. State*, 301 S.W.3d at 547–48 (holding that Rule 23.10's priority rules did not strip the trial court of subject matter jurisdiction but were still binding on the trial court).

■ Thus, in the present case, while section 559.036 and the limits of Rule 29.05 do not necessarily speak to the trial court's *jurisdiction*, they do speak to the trial court's *authority* to act. In other words, irrespective of whether or not the trial court possessed any remaining *jurisdiction* over the manner in which Cornelius's prison sentence was to be served is irrelevant, because the trial court clearly did not have *authority* to modify the manner in which the prison sentence was to be served. The trial court, therefore, exceeded its authority and erred in entering its amended judgment.

Based upon the foregoing, we make the preliminary writ absolute and order the trial court to vacate its amended judgment.

ALOK AHUJA, Judge, and KAREN KING MITCHELL, Judge, concur.