STATE of Missouri,
Plaintiff/Respondent,

v.

Kelvin McGEE, Defendant/Appellant.

No. ED 99157.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 1, 2013.

Kelvin McGee, Bonne Terre, MO, pro se.

Richard Starnes, Jefferson City, MO, for respondent.

LISA S. VAN AMBURG, Presiding Judge.

## INTRODUCTION

Kelvin McGee ("Movant") appeals from the judgment of the Circuit Court of the City of St. Louis denying his post-conviction motion for "review for plain error" under Missouri Supreme Court Rules 29.05, 29.12(b), and 74.06. Movant contends the motion court plainly erred in denying his motion, because the trial court imposed an excessive sentence of imprisonment not authorized by law. Because Movant failed to bring reviewable claims, we dismiss this appeal.

## FACTS AND PROCEDURAL HISTORY

Movant entered a plea of guilty to three counts of forcible rape, a felony under section 566.030 RSMo 1986. The court sentenced Movant to forty years' imprisonment on each of the three counts, served concurrently. The court told Movant he had ninety days once he began his incarceration at the Department of Corrections to file a motion to vacate or set aside the sentence and warned him that after those ninety days he would lose the right to file a motion to vacate or set aside his sentences.[1]

Approximately nine years later, Movant filed a *pro se* petition seeking the modification or reduction of his sentences. The motion court said the claim was without merit and that the exclusive remedy for Movant's claim was a motion pursuant to Rule 24.035, which Movant had waived because the time limit for filing expired. The motion court denied the petition.

Two years later, Movant filed a *pro se* motion seeking plain error review and/or review under Rules 29.05 and 29.12. The court reviewed Movant's motion and denied it because Movant's exclusive remedy under Rule 24.035 had expired and because the claim was without merit. Movant appeals.

## DISCUSSION

Movant filed his appeal under Rules 29.05, 29.12(b), and 74.06. These rules provide no basis for our review.

Rule 29.05 only applies to cases where the jury assessed a defendant's sentence. *State ex rel. Scroggins v. Kellogg*, 311 S.W.3d 293, 296 (Mo.App. W.D.2010). If the defendant pled guilty and the trial court assessed the sentence, then the court lacks authority to reduce the sentence. *Id.* Here, Movant pled guilty, so the mo-

---

1. When Movant was sentenced in 1991, Rule 24.035(b) required that the motion be filed "within ninety days after the movant is delivered to the custody of the department of corrections." Now, Rule 24.035(b) requires that the motion be filed "within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence. If no appeal of such judgment was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections."

tion court did not have authority to review under Rule 29.05. Because the motion court lacked authority to consider the merits of the case, we have no authority to review.

Likewise, this Court recognizes that "Rule 29.12(b) does not provide an independent basis under which a person convicted of a crime can subsequently challenge his conviction or sentence." *Harris v. State,* 48 S.W.3d 71, 71–72 (Mo.App. W.D.2001); See *Vernor v. State,* 30 S.W.3d 196, 197 (Mo.App. E.D.2000) (holding no statutory authority provides a right to appeal under Rule 29.12(b)). Without an independent basis for Movant's motion, there is not an appealable judgment. *State v. Green,* 232 S.W.3d 672, 673 (Mo. App. E.D.2007).

Finally, Rule 74.06(b) does not provide a cause of action for attacking a criminal judgment, and "is not intended as an alternative to a timely appeal." *Vicory v. State,* 117 S.W.3d 158, 160 (Mo.App. S.D. 2003); *Scroggins,* 311 S.W.3d at 294; *Love v. Bd. Of Police Comm'rs,* 943 S.W.2d 862, 863 (Mo.App. E.D.1997). Thus, Movant's motion presents no basis upon which this court may consider his appeal.

Moreover, in denying Movant's petition seeking modification or reduction of his sentence, the motion court correctly explained: "The exclusive remedy for defendant's claim, that his sentences violate the relevant statutes, is a motion for post-conviction relief pursuant to Rule 24.035." When Movant filed the instant motion, the time limit for filing a Rule 24.035 motion had expired nine years prior. The time limits in Rule 24.035 are mandatory. *Swofford v. State,* 323 S.W.3d 60, 62–64 (Mo.App. E.D.2010). Thus, Movant's motion would have been barred even if he had filed under the correct rule.[2]

## CONCLUSION

Because Movant failed to bring reviewable claims, the Court does not have the authority to review this appeal. Accordingly, Movant's appeal is dismissed.

PATRICIA L. COHEN and GARY M. GAERTNER, JR., JJ., concur.

---

2. Without reaching these issues, we note that Movant maintains he was incorrectly sentenced to forty-years' imprisonment because he used a weapon in the forcible rapes of which he was convicted. Movant argues he should have been sentenced to aggravated forcible rape under section 558.011.1(1), RSMo Cum.Supp.1984, which potentially carries a lesser sentence than the forcible rape charge under section 566.030.2, RSMo 1986. Though the State originally charged Movant with forcible rape and aggravated forcible rape, the State withdrew its aggravated forcible rape charges when Movant pled guilty to forcible rape. The forty year sentence was within the range of punishment for forcible rape under section 566.030.2.